

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



**RECEIVED**

FEB 07 2008

FEB 07 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Nelson L. Bryant
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Julie J. McBride
_____

_____

_____

_____

_____

_____

(Enter above the full name of ALL
defendants in this action.  <u>Do not
use "et al."</u>)

08CV817
JUDGE ST EVE
MAGISTRATE JUDGE NOLAN

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

Jury trial demanded

verified Complaint

**CHECK ONE ONLY:**

___X___    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

___X___    **OTHER** (cite statute, if known)    28 U.S.C. Sec. 1367 (C).

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**    Nelson L. Bryant

Revised:  7/20/05

A.    Name:  Nelson L. Bryant

B.    List all aliases:  N/A

C.    Prisoner identification number:  K-50623

D.    Place of present confinement:  Pontiac  Correctional Center

E.    Address:  P.O. Box 99 Pontiac, Illinois 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)  N/A

## II.    Defendant(s):

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant:  Julie J. McBride

      Title:  Attorney (disbarred) June 30,1998

      Place of Employment:  N/A

B.    Defendant:  N/A

      Title:  N/A

      Place of Employment:  N/A

C.    Defendant:  N/A

      Title:  N/A

      Place of Employment:  N/A

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

**III.**   **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.   Is there a grievance procedure available at your institution?

YES ( )  NO ( )  If there is no grievance procedure, skip to F.   N/A

B.   Have you filed a grievance concerning the facts in this complaint?   N/A

YES ( )  NO ( )

C.   If your answer is **YES**:

1.   What steps did you take?

N/A

2.   What was the result?

N/A

3.   If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

N/A

D.   If your answer is **NO**, explain why not:

The Violation of my constitutional rights accured

during my Criminal trial prior to arriving at

Pontiac Correctional Center, therefore Pontiac
Correctional Center's grievance procedure is
errelevant to my claims.

3

Revised:  7/20/05

E.    Is the grievance procedure now completed?  YES ( )  NO ( )   N/A

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES (XX) NO ( )

G.    If your answer is **YES**:

1.    What steps did you take?

On direct appeal from my conviction, I advised my appellate attorney of my trial attorney's ineffective assistance. And on or about plaintiff filed motion to withdrawal of plea claiming ineffective assistance of trial counsel.

2.    What was the result?

On June 5, 2000, the Illinois Appellate court, 1st Judic ial District (Vacated in part, and remanded with directions).And on or about July 2001, Plaintiff filed pro-se Motion to withdraw plea which was denied.

H.    If your answer is **NO**, explain why not:

N/A

Revised: 7/20/05

IV. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A. Name of case and docket number: ___ Bryant vs. McBride,
   ___(Docket number unknow) 01 C 2117

B. Approximate date of filing lawsuit: ___ May 31, 2001

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: ___ Nelson
   ___ L. Bryant

D. List all defendants: ___ Julie J. McBride

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ___ (Unknown) U.S. DIST. CT. North. DIST.

F. Name of judge to whom case was assigned: ___ (Unknown)
   ___ BLANCHE M. MANNING

G. Basic claim made: ___ United States Constitutional Violation
   ___ Due-process, Neglect ▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬ of
   ___ trial Counsel.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___ Civil Complaint was dismissed because
   ___ it was filed in the wrong Judicial District.

I. Approximate date of disposition: ___ In or about the year of 2002

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised: 7/20/05

Plaintiff Nelson Bryant was arrest on or about Jaunary 2 1994,
and charged with firt degree murder, home invasion And two counts
of criminal sexual assault and on February 22 1994, while held in
the mental health unit (R.T.U.), plaintiff was examined by Doctor
Blumenstein from the psychiatic institute and found him unfit to
stand trial. In april of 1994, plaintiff was again examined by a
psychiatrist from the psychiatric Institute- Doctor Seltzberg,
who later found plaintiff fit to stand trial and sane at the time
of the offense. Some- time in 1994, plaintiff was examined a
third time by the psychiatric institute- doctor carol hillmann
who diagnosis plaintiff as : provisional brief reactive psychosis
And/or provisional psychotic disorder (NOS). Doctor hillmann
found plaintiff to be in precarious contact with reality And
noted that plaintiff was prior to and at the time of his mental
examination was prescribed (Haldol), an antipsychotic Medication
and was at that time intensely proccupied and experiencing both
auditory and visual hallucinations and also flooded with images
of death, haunted by voices and faceless images and unable to
sleep. Doctor hillmann, concluded that plaintiff in his mental
state was unable to assist his attorney in his own defense and
unfit to stand trial. See (Exhibit) _____*A*_____ on May 6 1994,
the trial court conducted a fitness hearing and based on doctor
Seltzberg's testimony found plaintiff fit to stand trial. Prior
to plaintiff's arrest, he has had a mental condition and has a
history of being placed in mental facilities and prescribed
antipsychotic medications. Infact, since plaintiff's admitence
into the Cook County jail he was placed in the mental health care
Unit (R.T.U) And prescribed antipsychotic medications. On October
16 1996, plaintiff obtained Ms. Julie Jane McBride as private
counsel, who instructed and advised him (Plaintiff) to enter into
a blind plea of guilt of the underlining charges plaintiff at the
guilty plea proceedings, According to the factual basis presented
by the state's attorney, that plaintiff forced his way into a
neighbor's apartment, sexually assaulted her and killed her,
stabbing her more than 100 times with scissors and a screwdriver
and tooken a gold bracelet and a pager from her aoar tment. That
plaintiff was arrested and confessed to committing the crime and
led the police to an area where he deposed of the murder weapons
and his bloody clothing. Plaintiff's counsel (Ms. McBride) waived
her opportunity to argue plaintiff's case after the state
presented opening argument, failed to cross- examine assistant

State's attorney struppa, who gave testimony that plaintiff confessed that on that night he visited the decedent and brought plastic gloves with him. During that visit, he stabbed the decedent with her own scissors and screwdriver. Struppa, Also stated that plaintiff told him that he (plaintiff) led the police to the area where he had disposed of the weapons, plastic gloves and the victim's bracelet, failed to respond when the state stipulated to the facts presented at plaintiff's guilty plea proceedings. At the second phase of the death penalty hearing, the state presented detective piech, who gave testimony regarding the search of plaintiff's apartment, where the victim's pager and bracelet was found and plaintiff leading the police to the murder weapons. Plaintiff's attorney (Ms. McBride) again failed to Cross- examine detective piech. Also failed to present any mitigating evidence after the victim's family published their victim impact statement to the court, was sentenced to an extended prison term of 95 years for first degree Murder, consecutive to three concurrent terms of 15 years each for aggravated criminal sexual assault, armed robbery and home invasion. Plaintiff's plea was not negotiated nor no agreement regarding sentencing. Following plaintiff's plea of guilt, plaintiff's attorney (Ms. McBride) on November 19 1996, filed motion to reconsider his sentence, which was denied. On January 17 1997, plaintiff appealed his conviction and sentence arguing that the trial court erred in denying his motion because his trial counsel (McBride) failed to file a complete certificate in compliance with supreme court Rule 604(d). Specifically, Ms. McBride's motion to reconsider sentence hand dated January 6 1997, And file- stampted January 17 1997, was accompanied by a Rule 604(d), Certificate, which was not labeled, nor stated that she consulted with plaintiff to ascertain his constentions of error, that she examined the trial court file and the report of the guilty plea prceedings and, that she made any necessary amendments to the motion. Infact, plaintiff's motion to reconsider his sentence was filed more than two months after he was sentence and was the couse of plaintiff's motion was dismissed. On June 5 2000, the appellate court of Illinois, first judicial district vacated the circuit court judgement denying plaintiff's motion to reconsider his sentence and remanded plaintiff's case back to the circuit court for the soul purpose of allowing plaintiff to file another motion to reconsider his

sentence and a proper Certificate in Compliance with Rule 604(d).
See (Exhibit____ß_____ plaintiff's counsel (Ms. McBride)
assistance was further ineffective when she failed to see an
independent psychiatric evaluation of plaintiff, failed to
request another fitness hearing and failed to comprehensively
·discuss the insanity defense with plaintiff.

Plaintiff was mislead into his guilty plea by his attorney. Ms.
McBride was aware that plaintiff unable to understand his trial
rights and what he was advised to do (plea guilty) because his
mental state compound with him being illerate and comprehension
at a third (3 rd) grade level. All of plaintiff's school years he
was in special education classes. At the time of Ms. McBride was
representing plaintiff, she was facing disbarment for her
misconduct prior to and after admission to the bar. Ms. McBride,
had a duty to informe plaintiff upon retaining her that she (Ms.
McBride) was being investigated by the ARDC, (Attorney
Registration and Disciplinary Commission) specifically, when
applying to the bar, Ms. McBride failed to disclose to the
character and fitness committee that she had four civil lawsuits
pending against her and that she was arrested for shoplifting,
which led to a theft conyiction. Further, she falsely informed
the committee that she was making payments on her student loans
when in fact she was not.She also misrepresented her income and
debts to obtain bank loans, lied to two utility companies to
avoid paying her account balances, and used false social security
numbers to obtain credit. The review board of the attorney
registration and Disciplinary commission found that Ms. McBride's
above mentioned conduct prior to her admission to the bar alone
warranted disbarment. The board held that Ms. McBride built an
elaborate wed of deceit designed to lead the supreme court to
confer upon her the privilege to practice law predicated on false
pretenses. Subsequent to her admission to the bar, Ms. McBride
did not tell the ARDC that she pled guilty to theft charges and
misinformed the ARDC that she had provided the information
regarding the shoplifting arrest to the committee. Ms. McBride
also filed a false affidavit, making intentional
misrepresentation on bank applications, falsified social security
numbers and then falsely testied to the ARDC inquiry board about
her misconduct. Further, she comingled personal and business
funds, converted her client's funds, and avoided student loan
payments in bad faith. Ms. McBride was found guilty on 20 counts
of charged misconduct and disbarred by the Illinois Supreme

Court. See (Exhibit_____ C _____ Plaintiff was denied his constituional rights guaranteed by the 6 8 14  Amendments of the united states constitution And a fair trial, because had the Illinois Bar association been aware of Ms. McBride perjuries and misconduct prior, to admitting her to practice law in Illinois her request would have been denied and she would not have been obtained by plaintiff to represent him a counsel.

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

$ 100,000. deliberate indifference., $ 250,00 Paid to her for her

Services., $ 100,000. for dening me Due- process., $ 100,000.

Stress and mental anguish, Punitive damages of $ 100,000.

including court cost and Attorney fees and any-other damages this

Honorable court deems fit.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief.  I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this _____day of _____, 20_____

*Nelson L. Bryant*
(Signature of plaintiff or plaintiffs)

 Nelson L. Bryant
(Print name)

 K-50623
(I.D. Number)

 P.O. Box 99
 
 Pontiac, Illinois 61764

(Address)

.10

Arguements Supported under 28 U.S.C. Sec. 1367 (C).

## Arguements

Incompetence- Negligence- Ineffective Assistance

A.) Whether Plaintiff's paid Attorney Julie J. McBride in her Actions at plaintiff's guilty plea proceedings in waiving her opportunity to argue plaintiff's case after the state presented opening argument. Where the State's factual basis was that plaintiff forced his was into the victim's house, Sexually Assaulted her killed her by stabbing her more than 100 times with scissors And a screwdriver and that plaintiff after his arrest Confessed to the crime and lead officers to the murder weapons and bloody clothing.

B.) Where Plaintiff's Attorney failed to cross-examine Assist State's Attorney Mr. Struppa, who gave testimony that Plaintiff confessed that on that night he visited the victim he brought plastic gloves with him and stabbed her with her own scissors and screwdriver. And concluded that plaintiff told him that he (Plaintiff) led police officers to where he had disposed of the weapones, plastic gloves and bloody clothing.

C.) Where at Plaintiff's second phase of plaintiff's death penalty hearing failed to cross-examine detective piech, who gave testimony regarding the warrantless search of plaintiff's home where the victim's pager and bracelet was found and that plaintiff led arresting officers to the murder weapons.

D.) Whether plaintiff's Attorney Julie J. McBride's assistance of plaintiff was ineffective, where she instructed and advised plaintiff to enter into a blind plea of guilt of charges of first degree murder, home invasion and two counts of criminal sexual assault. As a result of plaintiff's blind plea of guilt he was sentenced to an extended term of 95 years for first degree murder Consecutive to three Concurrent terms of 15 years each for aggravated Criminal Sexual assault of armed robbery and home invasion. Plaintiff's plea was not negotiated nor no agreement regarding sentencing furthermore plaintiff's Attorney failed to present any mitigating evidence in plaintiff's behalf.

E.) Whether plaintiff's Attorney Julie J. McBride, after plaintiff's guilty plea and sentencing failed to file a complete certificate in compliance with supreme court Rule 604 (d), where her motion to reconsider sentence hand wrote date January 6 1997, And stamped filed January 17 1997 was accompanied by a Rule 604 (d) certificate, which was not labeled, nor stated that she consulted with plaintiff to ascertain his contentions of error, that she examined the trial court file and the report of guilt plea proceedings and made any necessary amendments to the motion. Infact plaintiff's motion to reconsider sentence was filed morethan two months after his conviction which caused plaintiff's motion to be dismissed.

# APPENDIX

# THE PSYCHIATRIC INSTITUTE

Exhibit A

CIRCUIT COURT OF COOK COUNTY
Criminal Courts Administration Building
2650 South California Avenue - Room 1001
Chicago, Illinois  60608

FEBRUARY 22, 1994

Docket No. 94 MC6 000157

To: The Honorable Judge Gierach
Court: Sixth Municipal Distrist
16501 S. Kedzie Parkway
Markham, IL.  60426

Re: Nelson L. Bryant
Referral Date: February 4, 1994
Continuance Date: February 23, 1994

The following is a summary of the psychological examination of the above defendant on February 22, 1994.

DIAGNOSIS:    Provisional Brief reactive psychosis
and/or
Provisional Psychotic disorder, NOS

Pursuant to your Honor's Order, Mr. Nelson Bryant was evaluated by the undersigned psychologist on today's date and found to be in precarious contact with reality. He is currently housed in RTU and, reportedly, is prescribed Haldol, an antipsychotic medication. He is intensely preoccupied and is experiencing both auditory and visual hallucinations. He is flooded with images of death, killing, stabbing and shooting. Mr. Bryant reported that he is unable to sleep as he is haunted by voices and faceless images. He said he is afraid he might hurt someone and is **POSSIBLY A DANGER TO HIMSELF AND OTHERS.**

On interview, Mr. Bryant demonstrated sufficient understanding and knowledge of court process. He is aware of the nature of the charge, purpose of the proceedings and accurately defined the various court official's roles and functions. However, psychologically Mr. Bryant is suffering from an undetermined psychotic disorder and is prone to further decompensation. In his current state, he is unable to assist council in his own defense. Reality contact is tenuous and superficial. He is **UNFIT TO STAND TRIAL.** Furthermore, Mr. Bryant may benefit from additional psychiatric intervention, namely, inpatient treatment in a secure facility. With respect to the issue of sanity, there was not sufficient information to render an opinion. More complete police reports, Cermak Hospital records and a social history are needed. Therefore, **AN OPINION ON SANITY WILL BE DEFERRED.**

RECOMMENDATION: Inpatient psychiatric hospitalization

DISPOSITION: Return to Court.

Respectfully submitted,

Carol Hillmann, M.A.
Staff Psychologist

Edward Blumstein, Ph.D.
Director of Psychology
The Psychiatric Institute

CH&EB:dvd

P.I. No: 201238

CG0001:

Exhibit-B

**NOTICE**

The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

No. 1-99-0668

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 94 CR 9272 |
| | ) | |
| NELSON BRYANT, | ) | The Honorable |
| | ) | Edwin A. Gausselin, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a guilty plea proceeding,[1] defendant Nelson Bryant
was convicted of first degree murder, two counts of aggravated
criminal sexual assault, armed robbery, and home invasion.  720
ILCS 5/9-1(a)(1), 5/9-1(a)(3), 5/12-14(a)(1), 5/12-14(d)(1), 5/18-
2(a), 5/18-2(b), 5/12-11(a)(1), 5/12-11(c) (West 1998).  He was
sentenced to an extended prison term of 95 years for first degree
murder, consecutive to three concurrent terms of 15 years each for
aggravated criminal sexual assault, armed robbery, and home
invasion.  730 ILCS 5/5-5-3.2(b)(2), 5/5-8-2(a)(1), 5/5-8-1(a)(3),
5/5-8-4 (West 1998).  Defendant filed a motion to reconsider the
sentence, which the circuit court denied.  On appeal, defendant

---

[1]The captioned trial court number superseded 94 CR 6140.

contends that the trial court erred in denying the motion because defense counsel's certificate was not in strict compliance with Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d).

On October 16, 1996, defendant pleaded guilty to first degree murder, felony murder based upon armed robbery, felony murder based upon home invasion, felony murder based upon two counts of aggravated criminal sexual assault, and the underlying felonies of armed robbery, home invasion, and two counts of aggravated criminal sexual assault. The plea was not negotiated; thus, there was no agreement regarding sentencing. Defendant acknowledged that he understood the charges and the trial court's admonitions, and that no promises had been made to him.

The factual basis presented by the assistant State's Attorney disclosed that Calumet City police detective Robert Morrison would testify that at approximately 11:45 p.m. on January 2, 1994, defendant broke down the door to the apartment of Tammy Carr (the deceased) at 1621 Astor in Calumet City, Illinois. Defendant lived in an adjacent apartment building at 1617 Astor and had previously tried to date Carr but she had refused to go out with him. Defendant forced Carr into a bedroom, where he assaulted her vaginally and anally. He then stabbed her over 100 times on the face, neck, chest, and back with a scissors and a screwdriver. He took her pager and gold bracelet, and fled. Police found the deceased's pager in defendant's possession. Defendant received

-2-

1-99-0668

Miranda warnings, he voluntarily waived his Miranda rights, and he gave an oral statement to law enforcement authorities in which he admitted murdering Carr.  He informed the police of the location where he had disposed of the weapons, and the police then recovered the scissors, the screwdriver, and bloody clothing.

Illinois State police evidence technician Hayden Baldwin would testify to the way that the crime scene looked when he processed it.  He would also testify that at approximately 6:50 a.m. on January 4, 1994, he went to the area of 275 Oglesby in Calumet City.  He recovered a pair of scissors, a screwdriver, clothing, a gold-colored bracelet, a pair of latex gloves, and a coat hanger from trash cans in the alley.  Calumet City police informed Baldwin that defendant had directed them to that location.  Baldwin then was present for an autopsy on the body of the deceased.  He observed numerous stab wounds, and he recovered evidence, including blood, hair, fingernails, and fingerprints.

Dr. Metra Kallekar would testify that she performed the autopsy on the deceased, who was 23 years old, and determined the cause of death was from multiple stab wounds and incise wounds. Dr. Kallekar noted approximately 100 stab wounds; she stopped counting after 100.

Illinois State police crime laboratory personnel would testify that there was blood on the recovered evidence, including the clothing, the bracelet, the fingernail clipping, and the oral swab.

-3-

1-99-0668

There was semen on the vaginal swab and the rectal swab.

Genetic testing was performed by Zeneca and Cellmark Diagnostic.   The DNA banding pattern from a bloodstain on defendant's clothing matched the DNA banding pattern from the deceased's blood.   At least two of the DNA banding patterns from the vaginal swab matched defendant's blood sample.

The trial court found that the factual basis supported the plea, and further found defendant guilty of first degree murder, first degree murder based upon armed robbery, first degree murder based upon aggravated criminal sexual assault, first degree murder based upon home invasion, home invasion, armed robbery, and two counts of aggravated criminal sexual assault.   The three felony murder counts merged with the first degree murder count.

During sentencing proceedings, the trial court determined defendant was eligible for the death penalty but concluded his lack of prior convictions was a factor mitigating against imposition of the death penalty.

However, the trial court imposed an extended term (730 ILCS 5/5-5-3.2(b)(2), 5/5-8-2(a)(1) (West 1998)) having found the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.   The trial court   considered the facts stipulated to in court, evidence in aggravation and mitigation, the arguments and statements by the parties, as well as the fact that defendant had "spared" the deceased's family "the

-4-

1-99-0668

agony of a trial."

Defendant subsequently filed a motion to reconsider his sentence. The half-sheet reflects that a motion to reconsider the sentence was filed on November 19, 1996, but that motion is not in the record on appeal. The record on appeal contains a motion to reconsider the sentence which was filed by defense counsel, hand-dated January 6, 1997, and file-stamped January 17, 1997, the date of the hearing on the motion to reconsider the sentence. In the motion, defendant alleged, through counsel, that the sentence was not proportionate to sentences for similar crimes, that the trial court erred in allowing inflammatory photographic evidence, that the trial court erred in overruling all of defendant's objections at sentencing, and that the sentence did not fully take into account defendant's remorse, cooperation, and lack of a prior criminal record.

Defense counsel also filed a handwritten "<u>affadavit</u> [<u>sic</u>]-604 D [<u>sic</u>] Petition" on a circuit court order form in which defense counsel stated that she and defendant had discussed his appeal rights, that he had requested that she file a notice of appeal regarding his sentence, and that she had examined the "record of proceedings."

The assistant State's Attorney observed, <u>inter</u> <u>alia</u>, that the motion to reconsider appeared to be accompanied by a Rule 604(d) certificate, although it was not so labeled.

1-99-0668

The judge stated that he did not know that he had seen a Rule 604(d) certificate.   Defense counsel responded that she had an affidavit that stated she had discussed the case with defendant, and that defendant had requested that she file the motion to reconsider and that she file an appeal if the motion were denied. The judge observed:

> "Under 604 D [sic], the attorney will
> file a certificate that States [sic] that she
> has consulted with the defendant to ascertain
> his contentions of error in sentence or entry
> of the guilty plea and has examined the court
> file and the record of proceedings of the plea
> and has made any amendments to the motion
> necessary for adequate presentation of any
> defects in those proceedings."

The judge then told defense counsel that the certificate needed to be signed, and the judge subsequently observed, "604 D [sic] Certificate is filed."   When the judge asked defendant whether he had spoken to defense counsel about the motion to reconsider, defendant answered, "Yes."   The judge then denied the motion to reconsider the sentence.

On appeal, defendant contends that the trial court erred in denying the motion to reconsider and that the cause should be remanded for a new hearing on the motion because defense counsel's

-6-

1-99-0668

certificate was not in strict compliance with Supreme Court Rule
604(d).    145 Ill. 2d R. 604(d).    Defendant argues that the
certificate was deficient because defense counsel failed to state
(1) that she consulted with defendant to ascertain his contentions
of error, (2) that she examined the trial court file and the report
of the guilty plea proceedings, and (3) that she made any necessary
amendments to the motion.

The State responds that the trial court properly denied
defendant's motion to reconsider because it was filed more than two
months after he was sentenced, the trial court's admonitions
complied with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)),
and that defense counsel's certificate complied with Rule 604(d).
Finally, the State asserts that remanding this cause would be a
waste of resources and an exercise in futility because defendant
has not contended that his sentence was an abuse of discretion.
The State asks that the appeal be dismissed, or that the trial
court's denial of defendant's motion to reconsider his sentence be
affirmed.

First, we consider the State's contention the appeal should be
dismissed because the motion to reconsider the sentence was not
filed timely.  However, the record does not support the State's
argument.  The report of proceedings and the half-sheet both
indicate that the sentencing hearing was held on October 30, 1996,
and that the motion to reconsider was filed on November 19, 1996,

-7-

1-99-0668

entered and continued several times, and finally heard on January 17, 1997.

Rule 604(d), which applies to appeals from guilty plea proceedings, requires that defense counsel file a certificate stating that he or she has consulted with the defendant by mail or in person to ascertain the latter's contentions of error in the sentence or in the entry of the guilty plea, that he or she has examined the trial court file and report of proceedings of the guilty plea, and that he or she has made any amendments to the motion that are necessary for the adequate presentation of any defects in the proceedings. 145 Ill. 2d R. 604(d).

Strict compliance with the certificate requirement of Rule 604(d) is necessary. People v. Janes, 158 Ill. 2d 27, 35 (1994); People v. Mast, 305 Ill. App. 3d 727, 734 (1999); People v. Zambrano, 266 Ill. App. 3d 856, 867-68 (1994); see also People v. Peques, 277 Ill. App. 3d 884, 888 (1996) (Rule 604(d) is a rule of procedure, not a suggestion). Our supreme court has repeatedly reaffirmed the need for strict compliance with Rule 604(d) (see People v. Linder, 186 Ill. 2d 67, 69 (1999); People v. Shirley, 181 Ill. 2d 359, 371 (1998); People v. Foster, 171 Ill. 2d 469, 474 (1986)), and has made it "emphatically clear" that strict compliance with Rule 604(d) is required (Mast, 305 Ill. App. 3d at 735). The failure to comply strictly with Rule 604(d) requires a remand, even where defendant's sole motion is to reconsider the

1-99-0668

severity of the sentence. See <u>Mast</u>, 305 Ill. App. 3d at 734.

Here, defense counsel's certificate was handwritten on a circuit court order form. The word "order" was crossed out and was replaced by the handwritten words, "<u>affadavit</u> [<u>sic</u>]-604 D [<u>sic</u>] Petition." Defense counsel stated that she and defendant had discussed his appeal rights, that he had requested that she file a notice of appeal regarding his sentence, and that she had examined the "record of proceedings." Defense counsel did not state that she had consulted with defendant to ascertain his contentions of error. Nor did she state that she had examined the trial court record and the report of proceedings. She stated that she had reviewed the "record of proceedings," but it is not clear whether this means the trial court file and the report of proceedings of the guilty plea, as required by Rule 604(d). She also failed to state that she had made any necessary amendments. Given these shortcomings, we hold the certificate deviated from the strict compliance standard.

Our conclusion is not inconsistent with <u>People v. Wyatt</u>, 305 Ill. App. 3d 291 (1999), which was cited by the State. The certificate in <u>Wyatt</u>, unlike the certificate here, closely tracked the language of Rule 604(d) and reflected that defense counsel had fully complied with Rule 604(d). In <u>Wyatt</u>, the court observed that the Rule 604(d) certificate was not required to "recite word for word the verbiage of the rule," and that surplus verbiage in the

-9-

1-99-0668

certificate did not require remand where the certificate reflected that defense counsel had fully complied with Rule 604(d). <u>Wyatt</u>, 305 Ill. App. 3d at 297.

Finally, the State argues that it would be a waste of resources and an exercise in futility to remand the cause for another hearing on defendant's motion to reconsider his sentence because defendant has not alleged abuse of discretion. We disagree. It is neither a waste of resources nor an exercise in futility to require proper compliance with the rules of the Illinois Supreme Court.

The judgment of the circuit court is vacated to the extent that it denied defendant's motion to reconsider his sentence, and the cause is remanded only for the purpose of allowing defendant to file another motion to reconsider his sentence and a proper certificate in compliance with Rule 604(d). On remand, we direct the trial court to ensure that defense counsel strictly complies with Rule 604(d) before the court grants a hearing. See <u>People v. Bailey</u>, 307 Ill. App. 3d 226, 232 (1999). Given that defendant has successfully appealed the sole issue presented, we deny the State's request to assess defendant $100 as costs for this appeal. <u>People v. Sass</u>, 73 Ill. App. 3d 554, 555 (1979).

Vacated in part, and remanded with directions.

TULLY, J., with O'MARA FROSSARD, P.J., and GALLAGHER, J., concurring.

-10-

EXHIBIT (1)

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

Exhibit-C
)

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838 (800) 252-8048
Fax (217) 522-2417

Nelson L. Bryant
K-50623
P. O. Box 99
Pontiac, IL 61764

Chicago
July 13, 1999

Re:    Julie Jane McBride
       in relation to
       Nelson L. Bryant
       No. 99 CI 2900

Dear Mr. Bryant:

We have received your recent inquiry regarding Julie Jane McBride.

The public records of this Commission reflect that Ms. McBride was admitted to practice law in Illinois on November 9, 1989, that she was suspended from the practice of law in Illinois until further order of the court on May 30, 1997 and that she was disbarred from the practice of law in Illinois on June 30, 1998.

I have enclosed a copy of the Report and Recommendation of the Commission Review Board in Ms. McBride's disciplinary case for your information. This document explains the reasons for the disciplinary action taken against Ms. McBride.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:cd
Enclosure
::ODMA\PCDOCS\MAINLIB\40017\1

BEFORE THE REVIEW BOARD
OF THE
ILLINOIS ATTORNEY REGISTRATION
AND
DISCIPLINARY COMMISSION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Julie Jane McBride | ) | No. 95 SH 877 |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | |
| No. 6202205 | ) | |

## REPORT AND RECOMMENDATION OF THE REVIEW BOARD

This matter comes before the Review Board on Respondent's exceptions to the Hearing

Board Report and Recommendation which found that the Administrator had proved by clear and

convincing evidence that Respondent had committed the following misconduct:

-failed to disclose in her December 15, 1988 *Additional Questionnaire and Statement of Applicant* the existence of three civil suits against her in violation of the requirements of the Character and Fitness Committee, Rules 1-101(b), 1-102(a)(4), 1-102(a)(5) and Supreme Court Rule 771 (Count II);

-failed to disclose while her application was pending that additional civil suits were filed against her and that she was arrested in Iowa for shoplifting in violation of the requirements of the Character and Fitness Committee, Rules 1-101(b), 1-102(a)(4) and 1-102(a)(5) and Supreme Court Rule 771 (Count III);

-failed to disclose to the ARDC, after admission to the bar, that she entered an "Alford plea" (which included a finding of guilt) in the Iowa shoplifting case, and that the Iowa court deferred the judgment and ordered probation for two years in violation of Rules 1-102(a)(5), 8.4(a)(5) and Supreme Court Rules 761 and 771 (Count XII);

-falsely advised the Administrator of the ARDC that information about Respondent's Iowa criminal proceeding was provided to the Committee on Character and Fitness in

PAGE 2

violation of Rules 4.1(a), 8.1(a)(1), 8.4(a)(4), 8.4(a)(5) and Supreme Court Rule 771 (Count XVII);

-made numerous intentional misrepresentations on various bank credit applications both before and after her admission to the bar in violation of Rules 1-102(a)(4), 1-102(a)(5), 7-102(a)(5) and Supreme court Rule 771 (Counts V, VI, and XI);

-made false representations to utility and telephone companies to obtain service without paying outstanding account balances in violation of Rules 1-102(a)(4), 1-102(a)(5), 7-102(a)(5) and Supreme Court Rule 771 (Counts VII and VIII);

-avoided repayment of Respondent's educational loans in bad faith in violation of Rules 1- 102(a)(5), 8.4(a)(5), 8.4(a)(8) and Supreme Court Rule 771 (Count XX);

-gave false testimony before the Character and Fitness Committee by stating that she made payments on her student loans when she did not make any payments in violation of Rules 1-101(b), 1-102(a)(4), 1-102(a)(5), 7-102(a)(5), and Supreme Court Rule 771 (Count IV);

-commingled Respondent's personal and business funds with client funds over a five year period in violation of Rules 9-102(a), 1.15(a), 1-102(a)(5), 8.4(a)(5) and Supreme Court Rule 771 (Count X);

-converted client funds in connection with the Liras and Faust matters and violated Rule 1.15(a)(Counts XIII and XVI); and

-filed in court a false affidavit in a proceeding against her in violation of Rules 3.3(a)(1), 4.1(a), 8.4(a)(4), 8.4(a)(5) and Supreme Court Rule 771.

The Hearing Board found that the Administrator did not prove that Respondent intentionally failed to disclose employment with and discharge from two law firms in the *Additional Questionnaire and Statement of Applicant* (Count I), that Respondent intentionally falsified her social security number or misrepresented the facts concerning her use of

PAGE 3

other social security numbers in testimony before the Inquiry Board (Counts IX, XVIII, and XIX), that Respondent made a false loan application to Rock Island Bank in March 1993 (Count XV), or that Respondent was dishonest when she converted the Liras and Faust funds (Counts XIII and XVI).

A majority of the Hearing Board recommended that Respondent be disbarred. The minority concurred with the findings of the majority but recommended a sanction of a suspension for a period of three years.

On review, Respondent challenges the Hearing Board's findings that Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation with respect to Counts II, III, IV, V, VI, VII, VIII, XI, XIV and XVII. She also argues that the Hearing Board abused its discretion in excluding Respondent's Exhibits 23 and 24 and that disbarment is too harsh a sanction. The Administrator argues that the Hearing Board's finding of dishonesty is supported by the record and that Respondent's exhibits were properly excluded by the Hearing Board. The Administrator also urges on review that the Hearing Board should have made additional findings of misconduct, i.e. that the Hearing Board's findings that the Administrator did not prove certain alleged misconduct, except as to Count I, are against the manifest weight of the evidence. The

PAGE 4

Administrator contends that disbarment is the only appropriate sanction.

The facts are set forth fully in the Hearing Board Report and will be discussed herein only as necessary to clarify our Report.

We note that the factual determinations of the Hearing Board are entitled to deference on review because the Hearing Board has superior capabilities as the trier of fact. In re Rinella (1997), 175 Ill. 2d 504, 222 Ill. Dec. 375, 677 N.E.2d 909. Its factual findings will not be disturbed unless they are against the manifest weight of the evidence. Id. Fraud encompasses a broad range of conduct including anything calculated to deceive, In re Armentrout (1983), 99 Ill. 2d 242, 75 Ill. Dec. 703, 457 N.E.2d 1262, as well as the suppression of the truth. In re Yamaguchi (1987), 118 Ill. 2d 417, 113 Ill. Dec. 928, 515 N.E.2d 1235. Evidence of motive and intent underlying an attorney's misconduct typically must be inferred from the circumstances under which the misconduct took place. See In re D'Angelo (1988), 126 Ill. 2d 45, 127 Ill. Dec. 779, 533 N.E.2d 861, In re Schwarz (1972), 51 Ill. 2d 334, 282 N.E.2d 689. In each of the counts challenged by Respondent, the Hearing Board's determination that Respondent engaged in fraud, dishonesty, deceit or misrepresentation (Rules 1-102(a)(4)

PAGE 5

and 8.4(a)(4)) is not against the manifest weight of the evidence.

With respect to Count II, for example, the *Additional Questionnaire* itself, which showed a simple "yes" response to the question regarding arrests, refutes Respondent's claim that she did not disclose lawsuits and judgments against her on the *Additional Questionnaire* because she was concentrating on the disclosure of the criminal matter.   The findings that Respondent was dishonest in failing to report to the Committee on Character and Fitness ("Committee") her September 1989 shoplifting arrest while her application to the bar was pending (Count III) and that she was dishonest in a letter to the ARDC stating that her arrest had been reported to the Committee (Count XVII) are supported by the testimony of her attorney Richard Schrodermier, a letter Schrodermier sent Respondent requesting the Committee's rules or address, and the absence of any response by Respondent to this letter.

The record also supports the Hearing Board's finding of deceit with respect to Respondent's false testimony at the Committee hearing that she was "still paying off" student loans.  Respondent's claim that she may have been referring to a $1,000 emergency loan was refuted by the absence of any proof that such a loan existed.  Moreover, the record showed that despite substantial resources and expenditures,

PAGE 6

Respondent paid nothing on her student loan indebtedness and never attempted to defer repayment of the loan.

Further, the record supports the Hearing Board's finding that Respondent intentionally made several false representations in connection with her loan applications to banks (Counts V, VI, and XI).  Respondent admitted that on the Commercial National Bank and Personal Finance Company loan applications, she intentionally failed to disclose a Farmer's Home Administration debt and student loan debt because she felt such information would be detrimental to her receipt of the loan.   The record also supports the Hearing Board's conclusion that Respondent dishonestly overstated her income as including $500 per month child support.  Respondent's

testimony that she told the loan officers that she was negotiating for child support in the amount of $500 per month was contradicted by the testimony of the loan officers, the testimony of Respondent's ex-husband, and Respondent's own admission that child support was never the subject of negotiation, or even discussion, between Respondent and her ex-husband.    In connection with the March 1990 loan application to Rock Island Bank for the purchase of a conversion van, Respondent admitted that she intentionally failed to disclose outstanding judgments against her for fear that she would not receive the loan if the judgments were known.

PAGE 7

Likewise, the record supports the Hearing Board's finding that in order to obtain utility and telephone services without paying account balances (Counts VII and VIII), Respondent intentionally made misrepresentations to Genesco Municipal Utility and Genesco Telephone that another individual, California resident Karen Grimes, would be responsible for the bills. Respondent admitted that she had no authorization to use Grimes' name and that Grimes did not intend to live in the home with Respondent.

Finally, the record supports the Hearing Board's finding that Respondent intentionally made misrepresentations in a Debtor's Schedule affidavit she filed with the court as a defendant in a lawsuit brought by the *Daily Dispatch* to collect money Respondent owed for advertising services.    The record showed that in the affidavit, under oath, Respondent listed her address as that of a previous rental home when, in fact, she had lived for at least five months in a home that she had purchased for $107,000 cash.    Further, she stated in the affidavit that her income from her law practice was "$1,000 + (varies)" when her 1992 tax return showed an adjustable gross income of $66,000, and she failed to disclose her employment at a community college for which she was paid approximately $500

PAGE 8

per month. [FN1]    We agree with the Hearing Board that Respondent's explanation of inadvertence is "a weak and self-serving attempt to excuse a fraud upon a court of law." Hearing

Board Report at 41.

Next we consider Respondent's assertion that the Hearing Board improperly excluded Respondent's Exhibits 23 and 24. Respondent's Exhibits 23 and 24 were documents and records of proceedings before the Character and Fitness Committee and State Board of Law Examiners between 1987 and 1989 relating to Respondent's application to practice law in the State of Illinois. Two months before the ARDC disciplinary hearing, the Administrator filed her request to admit the genuineness of the documents. Respondent admitted the genuineness of the documents.

Prior to the commencement of the ARDC hearing, the topic was discussed with the Chair of the Hearing Board. The matter was held in abeyance until Respondent's direct testimony. During Respondent's testimony, a Panel Member inquired about certain conduct of the Respondent and asked Respondent why she did not offer the evidence of psychological evaluations which were part of Exhibits 23 and 24. The Administrator would not stipulate to their

PAGE 9

admission whereupon Respondent indicated she could not go into her background with the media present, (i.e. call witnesses).

Certain of Exhibits 23 and 24 were offered by the Administrator and admitted. Attempts by Respondent to offer other documents within Exhibits 23 and 24 were objected to, and the documents were not admitted on the basis of relevancy and/or hearsay. Before closing the hearing, Respondent explained that she sought to have admitted the balance of the Exhibits to point out her state of mind and things that were going on in her life during the period in which she was applying for admission to the Illinois Bar.

Before the Hearing Board, Respondent did not stress the completeness rule as a basis for the admissibility of such evidence. Before this Board, Respondent notes that one of the errors by the Hearing Board was in not admitting the full Exhibits on the basis of the completeness rule.

Exhibits 23 and 24 are files of either the Board of Admissions to the Bar of Illinois (Supreme Court Rule 702) or the Committee on Character and Fitness (Supreme court Rule 708). All of the exhibits relate to Respondent's right to practice law in the State of Illinois. The instant hearing before the Hearing Board of the ARDC has to do with the right of the Respondent to continue to practice law in the State of Illinois (Supreme Court Rule 753). Each of

PAGE 10

these three entities acts as an arm of the Supreme Court and functions to gather information for the use and benefit of the Supreme Court. It is difficult to understand why records, exhibits, and/or transcripts properly admitted before one or the other body (in fact, in this matter, before two bodies) should not be admitted before the third body. Therefore, when the Administrator uses part of the Exhibit from the file and there is no dispute as to the genuineness of the file, the Respondent should be able to use any or all of the balance of the Exhibits under the completeness rule.

However, we have carefully reviewed the excluded documents, which are contained in the record, and do not believe the Hearing Board's ruling requires remanding. The documents are not particularly relevant to the charges in the amended complaint. The documents address the psychological reasons behind Respondent's shoplifting episodes, including Respondent's difficult personal problems. However, the shoplifting incidents to which the documents refer are not included in the allegations of misconduct in the amended complaint. The amended complaint alleges, inter alia, that Respondent engaged in misconduct in failing to disclose the September 1989 shoplifting arrest in Linn County, Iowa and the 1990 disposition by entry of deferred judgment. Thus, although we agree with Respondent

PAGE 11

and the cases which hold that the factual circumstances surrounding an attorney's misconduct are considered relevant mitigating evidence, none of the excluded documents bear on circumstances surrounding Respondent's failure to disclose the September 1989 shoplifting arrest, the March

1990 disposition of the matter, or any other allegations of misconduct in the amended complaint. Thus, exclusion of the documents would not have mislead the Hearing Board. Moreover, admission of the excluded documents would not have altered the fact that the evidence is adequate to support the findings and recommendation of the Hearing Board.

Next, we have carefully reviewed the evidence concerning Respondent's use of social security numbers and find that the Hearing Board's finding that Respondent did not intentionally falsify her social security number is against the manifest weight of the evidence. The record showed that Respondent provided nine different social security numbers other than her own on at least fourteen different documents. Although the Hearing Board accepted Respondent's excuses of poor memory and a lost social security card, the conclusion that Respondent deliberately used incorrect social security numbers to avoid accountability is clearly evident in the record. Respondent consistently used incorrect numbers that reflected a pattern of transposing only a few of the numbers of her social

PAGE 12

security number, she used the same incorrect number for different transactions at the same banks, and Respondent admitted knowing that social security numbers were used to track an individual's credit history. The record is replete with evidence of Respondent's manipulations of the truth, including her own admission that over a period of years she had attempted to avoid responsibility for her actions by being incomplete and inaccurate in the manner in which she completed documents. The record supports a finding that Respondent intentionally misrepresented her social security number on the bank credit applications (Counts V and VI). The record also supports a finding that Respondent intentionally misrepresented her social security number as alleged in Counts IX and XVIII in violation of Rules 1-102(a)(4), 8.4(a)(4), 7-102(a)(5), 4.1(a), 1-102(a)(5), 8.4(a)(5) and Supreme Court Rule 771.

Likewise, we find that the Hearing Board's finding that Respondent did not give false testimony before the Inquiry Board when she denied using any social security number other than

her own is against the manifest weight of the evidence.  Counsel for the Administrator asked Respondent whether there were any other names she ever used, and Respondent disclosed her married and maiden names.  Then the following questions and answers ensued:

> What's your social security number?
>
> A. 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.

PAGE 13

> Do you have any other social security numbers?
>
> A. No.
>
> Have you ever used any other social security numbers?
>
> A. No.

Neither Respondent nor her counsel at the Inquiry Board hearing requested any clarification of the question; nor is any needed.  The question is plain; the answer is a general denial.

However, at the ARDC hearing, Respondent attempted to explain her false testimony by claiming that she believed the Administrator suspected Respondent of using aliases and false social security numbers, and she assumed that the question asked whether she had ever used someone else's social security number.  The Hearing Board's acceptance of this explanation, considering the record as a whole is against the manifest weight of the evidence.  See In re Rinella (1997), 175 Ill. 2d 504, 222 Ill. Dec. 375, 677 N.E.2d 909 (finding attorney committed dishonest conduct in falsely answering "no" to a plain question in sworn testimony before the ARDC).  The record supports a finding that Respondent made a false statement of material fact in violation of Rule 8.1(a)(1) and engaged in conduct in violation of Rules 8.4(a)(4), 8.4(a)(5) and Supreme Court Rule 771 as alleged in Count XIX.

We also find that the Hearing Board's finding that Respondent did not act with a dishonest motive in the

PAGE 14

conversion of the Liras and Faust client funds is against the manifest weight of the evidence. In the Liras real estate closing, Respondent deposited $12,000 earnest money given to her by her clients into a non-trust account which was overdrawn and from which a rent check had not yet cleared. When she subsequently issued a check to the sellers' attorney for the escrow money from her trust account, she overdrew the trust account. In the Faust matter, Respondent deposited the settlement check and issued checks to her clients for their portion of the settlement proceeds drawn on a client trust account. Before the check to one client had cleared and Respondent had paid a lien for the client, Respondent wrote herself a check from the account for personal purposes, causing the account balance to fall below the amount of the lien check.

At the hearing, Respondent testified that she knew that she was required to keep her personal and business money separate from client funds. She explained that her commingling and conversion were the result of poor money management and that no client was harmed by her conduct. Although there was no proof that her clients were permanently deprived of funds, the record showed that between 1990 and 1995, Respondent used seven different bank accounts and engaged in an egregious pattern of commingling her funds with those of her clients. Respondent did not

PAGE 15

even maintain a client trust account for nearly two of those years. Two withdrawals from her client trust account were involuntary garnishments against Respondent.

Because Respondent knew or should have known that her banking practices could lead to insufficient funds to cover the amount owed to a client, her conduct was in violation of the rules. See In re Elias (1986), 114 Ill. 2d 321, 499 N.E.2d 1327, 102 Ill. Dec. 314. Excuses such as mistakes and poor bookkeeping are unacceptable where an attorney jeopardizes client funds as a matter of established practice. In re Grant (1982), 89 Ill. 2d 247, 433 N.E.2d 259, 60 Ill. Dec. 462. Given the facts and circumstances of this case, the record supports a finding that Respondent breached her fiduciary duty, engaged in conduct involving dishonesty, fraud, deceit,

or misrepresentation in violation of Rule 8.4(a)(4) and engaged in conduct which tended to defeat the administration of justice or to bring the courts or legal profession into disrepute in violation of Rule 8.4(a)(5) and Supreme Court Rule 771 with respect to Respondent's conversion of her clients' funds in Counts XIII and XVI.

In addition, we find that the Hearing Board's finding that the Administrator did not prove the misconduct alleged in Count XV, the 1993 loan application to Rock Island Bank, is against the manifest weight of the evidence. We have

PAGE 16

carefully reviewed the testimony of Richard Ringsdorf, a loan officer and vice president of Rock Island Bank, who updated Respondent's 1990 credit application. Ringsdorf's testimony showed no equivocation concerning the misrepresentations made. Moreover, the testimony concerning this loan application is remarkably similar to the testimony concerning the other three loan applications, the subject of Counts V, VI, and XI, upon which the Hearing Board found misconduct. The record supports a finding that Respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(a)(4), made a false statement of fact or law in violation of Rule 4.1(a), and engaged in conduct which tends to defeat the administration of justice or bring the courts or legal system into disrepute in violation of Rule 8.4(a)(5) and Supreme Court Rule 771 as alleged in Count XV.

Last, we turn to the issue of the sanction. We agree with the majority of the Hearing Board that Respondent introduced little relevant mitigating evidence and disbarment is the appropriate sanction in this case.

The nature and extent of Respondent's misrepresentations to the Committee are overwhelming. Beginning with her December 1988 *Additional Questionnaire*, which failed to reveal that she was a defendant in three civil suits, through her admission to the bar in November

PAGE 17

1989, Respondent built an elaborate web of deceit designed to lead the Supreme Court to confer

upon her the privilege to practice law predicated on false pretenses. She did not tell the Committee charged with the task of assessing and certifying her character and fitness that: an additional four lawsuits were filed against her, she was arrested for the fourth time for the crime of shoplifting, she intentionally misrepresented her income and debts to obtain bank loans, she made misrepresentations to two utilities to obtain services without paying account balances, or that she used false social security numbers on various documents in order to obtain credit and avoid responsibility. Respondent gave false testimony under oath to the Committee by stating that she had made payments on student loans when she had not. Her pre-admission conduct alone warrants disbarment. In re Jordan (1985), 106 Ill. 2d 162, 88 Ill. Dec. 1, 478 N.E.2d 316; In re Mitan (1979), 75 Ill. 2d 118, 25 Ill. Dec. 622, 387 N.E.2d 278, cert. denied, Mitan v. ARDC, 444 U.S. 916, 100 S. Ct. 231; see also In Re DeBartolo (1986), 111 Ill. 2d 1, 94 Ill. Dec. 700, 488 N.E.2d 947; In re Ascher (1980), 81 Ill. 2d 485, 44 Ill. Dec. 95, 411 N.E.2d 1, cert. denied, Ascher v. Illinois (1981), 450 U.S. 919, 101 S.Ct. 1365.

After she was admitted, Respondent exhibited the same flagrant disregard for the ethics the Supreme Court requires

PAGE 18

of practicing attorneys as she did for the admissions procedures to the bar. She failed to disclose to the ARDC that she pled guilty to a theft in the fourth degree and that an Iowa court deferred judgment and placed her on probation, she misled the Administrator of the ARDC by falsely stating that information about the Iowa criminal proceeding had been provided to the Committee when it had not, she filed in court a false affidavit, she made intentional misrepresentations on bank loan applications, she falsified her social security number and testified falsely about it to the Inquiry Board. Respondent also commingled her personal and business funds with those of her clients,' she converted client funds, and she avoided repayment of her student loans in bad faith. This post-admission misconduct also warrants severe sanction, and it underscores the propriety of the disbarment recommendation here.

For all of the foregoing reasons, we affirm the Hearing Board's factual findings, except insofar as the Hearing Board found that the Administrator did not prove that Respondent intentionally falsified her social security number as alleged in Counts V and VI, that the Administrator did not prove the misconduct alleged in Counts IX, XV, XVIII, and XIX or that Respondent breached her fiduciary duty, Rules 8.4(a)(4), 8.4(a)(5) and Supreme Court Rule 771

PAGE 19

in Counts XIII and XVI. We find that the Hearing Board's findings that Respondent did not make false representations of her social security number as alleged in Counts V and VI, did not engage in the misconduct alleged in Counts IX, XV, XVIII, and XIX, and did not commit certain misconduct in connection with the conversion of client funds as alleged in Counts XIII and XVI are against the manifest weight of the evidence.

Considering all of the misconduct, the little mitigating evidence, and the range of discipline imposed for similar misconduct, we agree with the majority of the Hearing Board and recommend that Respondent-Appellant, Julie Jane McBride, be disbarred.

Respectfully Submitted,

William F. Costigan
Robert J. Downing
Timothy R. Neubauer

Dated: _12 December 1997_ [Filed December 12, 1997]

---

FN1:    The record also showed that Respondent had saved over $100,000 in the previous two years, which she used to purchase her home, and had her basement finished and a swimming pool and fence installed for over $14,000 in the two months before she filed the affidavit.

$5.35

Exhibit-D

**BEGIN USING FROM BOTTOM UP**

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ Date:

DCA 7000
IL 426-1417        Noted by: _____

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ Date:

DCA 7000
IL 426-1417        Noted by: _____

#12.

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant Nelson_ Reg. # _K-50 623_ Date: _1/4/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____ hold 15 mg g.b.

_____ Cogentin 1mg P.O g.h. / x 7 day

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
☐ May Substitute

**\*BEGIN USING FROM BOTTOM UP**

*HIC06*

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _BRYANT, NELSON_ Reg. # _K50623_ Date: _11/14/96_

Problem _H/O PSYCHOTIC DIS NOS_

ORDER: (Physician's Signature After Last Order)

_Increase Valproic 15 mg PO BID_
_6 weeks_
_Cogentin 2 Po QN_

DEA/Illinois Lic. # _____ Physician (Print) _JAN SIMPLEY, MD_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417   Noted by: _____ Date: _11-14-96_

*One wt*

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nilson_ Reg. # _K50623_ Date: _11/12/96_

Problem _____

ORDER: (Physician's Signature After Last Order)

_Haldol 10 mg PO q HS_ ⎫
_Cogentin 1 mg PO q HS_ ⎬ _10 days_
_Zoloft 100 mg PO q HS_ ⎭

DEA/Illinois Lic. # _____ Physician (Print)
☐ May Substitute _____ M.D.
☐ May Not Substitute _____
DCA 7000
IL 426-1417   Noted by: _____ Date: _11/12/96_

*E521*

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelm_ Reg. # _K50623_ Date: _11/2/96_

Problem _____

ORDER: (Physician's Signature After Last Order)

_Haldol 10 mg q HS_
_Cogentin 1 mg q HS_
_Zoloft 100 mg q HS_

DEA/Illinois Lic. # _____ Physician (Print)
☐ May Substitute

**\*BEGIN USING FROM BOTTOM UP**

_Meds given_

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant_ _____ Reg. # _K50623_ Date: _12/23/96_

Problem _Dental_

ORDER: (Physician's Signature After Last Order) _____

_PCN 500m_ _#30_ _1QID_

_Flo 400m_ _#30_ _2 TID_

DEA/Illinois Lic. # _____ Physician (Print) _____

☒ May Substitute _____ _JL FOB_ _DDS_ M.D.

☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417          Noted by: _____ Date: _____

---

_Nka_

_H3 G03_

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _BRYANT, NELSON_ _____ Reg. # _K 50623_ Date: _12/18/96_

Problem _PSYCHOTIC DIS NOS_

ORDER: (Physician's Signature After Last Order) _____

_HALDOL 15mg PO QHS_ _6 We wkl_

_COGENTIN 1 PO QHS_

DEA/Illinois Lic. # _____ Physician (Print) _Jon VamRPH MD_

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417          Noted by: _Allen Darffetn_ Date: _12/18-13_

_Meds given_

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant_ _____ Reg. # _K50623_ Date: _12/5/96_

Problem _Dental_

ORDER: (Physician's Signature After Last Order) _____

_PCN 500m_ _#30_ _1QID_

_Flo 400m_ _#30_ _2 TID_

DEA/Illinois Lic. # _____ Physician (Print) _____

☒ May Substitute _____ _DDS_

**BEGIN USING FROM BOTTOM UP**

H3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ BRYANT _____ Reg. # _K50623_ Date: _2/20/97_

Problem _____ PSYCHTIC DIS NOS _____

ORDER: (Physician's Signature After Last Order) _____

HALDOL 15mg PO QHS ∫ 6/12 WKS

COGENTIN 1mg PO QHS ∫

DEA/Illinois Lic. # _____ Physician (Print) _Jose Ramallo, MD_ M.D.

☐ May Substitute _____

☐ May Not Substitute _____ Date: _2/20-97_

DCA 7000
IL 426-1417    Noted by: _____

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ Bryant _____ Reg. # _K50623_ Date: _1/30/97_

Problem _____ Dental _____

ORDER: (Physician's Signature After Last Order) _____

PCN 500mg #30 1QD

Mot 460mg #30 2-TID

DEA/Illinois Lic. # _____ Physician (Print) _____ DDS

☑ May Substitute _____

☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417    Noted by: _____ Date: _____

---

NCA

H3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _____ BRYANT, NELSON _____ Reg. # _K50623_ Date: _1/22/97_

Problem _____ PSYCHTIC DIS NOS _____

ORDER: (Physician's Signature After Last Order) _____

HALDOL 15mg PO QHS ∫ 6/12 WKS

COGENTIN 1mg PO QHS ∫

DEA/Illinois Lic. # _____ Physician (Print) _Jose Ramallo, MD_

**BEGIN USING FROM BOTTOM UP**

NKA

N3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient __BRYANT, NELSON__     Reg. # __K50623__     Date: __4/7/97__

Problem _____PSYCHOTIC DIS NOS_____

ORDER: (Physician's Signature After Last Order) _____

HALDOL 15mg PO QHS
COGENTIN 4 PO QHS          6/12WKS

DEA/Illinois Lic. # _____     Physician (Print) __JAY STANFELY MD__

☐ May Substitute _____                              M.D.
☐ May Not Substitute _____                          M.D.

DCA 7000
IL 426-1417     Noted by: _____     Date: __4/17/97__

NKA

N3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient __BRYANT, NELSON__     Reg. # __K50623__     Date: __3/19/97__

Problem _____PSYCHOTIC DIS NOS_____

ORDER: (Physician's Signature After Last Order) _____ HALDOL 15mg PO QHS

COGENTIN 1 PO QHS          6/12WKS

DEA/Illinois Lic. # _____     Physician (Print) __Jay Stanfely MD__

☐ May Substitute _____                              M.D.
☐ May Not Substitute _____

DCA 7000
IL 426-1417     Noted by: _____     Date: __3/19-5:30__

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient __Bryant__     Reg. # __K50623__     Date __3/3/97__

Problem __Dental__

ORDER: (Physician's Signature After Last Order) _____

PCN 500     #30     1 QID
__?__ 400mg   # 50     2 TID

DEA/Illinois Lic. # _____     Physician (Print) _____

*BEGIN USING FROM BOTTOM UP

NKA

N/G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_     Reg. # _K 50623_     Date: _7/10/97_

Problem _PSYCHOTIC DIS NOS_

ORDER: (Physician's Signature After Last Order) _____

Haldol 15 mg PO qHS } 6 ½ wks
Cogentin 1 mg PO qHS }

DEA/Illinois Lic. # _____     Physician (Print) _Jon Stampley MD_

☐ May Substitute
☐ May Not Substitute                                                M.D.

DCA 7000
IL 426-1417     Noted by: _____     Date: _7/10-37_

---

NKA

N3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_     Reg. # _K 50623_     Date: _6/12/97_

Problem _PSYCHOTIC DIS NOS_

ORDER: (Physician's Signature After Last Order) _____

Haldol 15 mg PO qHS } 6 ½ wks
Cogentin 1 mg PO qHS }

DEA/Illinois Lic. # _____     Physician (Print) _Jon Stampley MD_

☐ May Substitute                                                M.D.
☐ May Not Substitute                                            M.D.

DCA 7000
IL 426-1417     Noted by: _B Hurley RN_     Date: _6/12/97 11 pm_  35

---

NKA

N3G03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_     Reg. # _K 50623_     Date: _5/9/97_

Problem _PSYCHOTIC DIS NOS_

ORDER: (Physician's Signature After Last Order) _____

Haldol 15 mg PO qHS } 6 ½ wks
Cogentin 1 mg PO qHS }

DEA/Illinois Lic. # _____     Physician (Print) _Jon Stampley MD_

**\*BEGIN USING FROM BOTTOM UP**

NKa

H/6 03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient ___BRYANT, NELSON___   Reg. # ___K50623___   Date: ___9/29/97___

Problem ___PSYCHOTIC DIS NOS___

ORDER: (Physician's Signature After Last Order) ___Haldol 15mg PO QHS___ } 6/wks

___Cogentin 1g p1 QHS___ } 6/wks

DEA/Illinois Lic. # _____   Physician (Print) ___Jan Stampley___ M.D.

☐ May Substitute _____   M.D.

☐ May Not Substitute _____

DCA 7000   Noted by: ___Vasquez RN___   Date: ___9/29/97___
IL 426-1417

---

NKa

H/6 03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient ___BRYANT, NELSON___   Reg. # ___K50623___   Date: ___9/04/97___

Problem ___PSYCHOTIC DIS NOS___

ORDER: (Physician's Signature After Last Order) ___Haldol 15mg PO QHS___ } 6/wks

___Cogentin 1g p1 QHS___

DEA/Illinois Lic. # _____   Physician (Print) ___Jan Stampley___ M.D.

☐ May Substitute _____   M.D.

☐ May Not Substitute _____

DCA 7000   Noted by: ___Vasquez RN___   Date: ___9-4-97___
IL 426-1417

---

NKa

H/6 03

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient ___BRYANT, NELSON___   Reg. # ___K50623___   Date: ___8/07/97___

Problem ___PSYCHOTIC DIS NOS___

ORDER: (Physician's Signature After Last Order) ___Haldol 15mg PO QHS___ } 6/wks

___Cogentin 1g PO QHS___

DEA/Illinois Lic. # _____   Physician (Print) ___Jan Stampley___ M.D.

**BEGIN USING FROM BOTTOM UP**

N KA                                                                    S 739

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 **Chart Copy (Not a prescription)**

Patient _Bryant Nelson_ ___ Reg. # _K50623_ ___ Date: _12/16/97_

Problem _____

ORDER: (Physician's Signature After Last Order) ___ Haldol 15 mg PO q HS X 2 WKS

_Cogentin 1 mg PO q HS_

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000                Noted by: _J Friel RN_ ___ _2130_ ___ Date: _12/16/97_
IL 428-1417

---

NKA                                                                    H1609

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 **Chart Copy (Not a prescription)**

Patient _BRYANT, NELSON_ ___ Reg. # _K50623_ ___ Date: _11/24/97_

Problem _____ PSYCHOTIC DISORDER

ORDER: (Physician's Signature After Last Order) ___ Increase Haldol 15mg PO qHS } 6/2WKS

_Cogentin 1 PO qHS_

DEA/Illinois Lic. # _____ Physician (Print) _Jad Stampley, MD_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000                Noted by: _____ Date: _10/24/97_
IL 428-1417

---

NKA                                                                    H1609

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 **Chart Copy (Not a prescription)**

Patient _BRYANT, NELSON_ ___ Reg. # _K50623_ ___ Date: _10/17/97_

Problem _____ PSYCHOTIC DISORDER

ORDER: (Physician's Signature After Last Order) _Reduce Haldol 10mg PO qHS } 6/2WK_

_Cogentin 1 PO qHS_

DEA/Illinois Lic. # _____ Physician (Print) _Jad Stampley, MD_

*BEGIN USING FROM BOTTOM UP

NKDA

su538

**State of Illinois** Pontiac
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant, Nelson    Reg. # K50623    Date: 3/4/98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS x 1 wk then
Haldol 5mg ī po QHS x 5 wks
Cogentin 1mg ī po QHS x 5—ks

DEA/Illinois Lic. # _____ Physician (Print) A. Ronald ___ D. M.D.

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417    Noted by: K Beecher    Date: 3/4/98

---

NKA

su538

**State of Illinois** Pon
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant, Nelson    Reg. # K50623    Date: 1/28/98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 15mg ī po QHS ⎤ x 5—ks
Cogentin 1mg ī po QHS ⎦

DEA/Illinois Lic. # _____ Physician (Print) A. Ronald ___ D. M.D.

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417    Noted by: M. Conlui RN    0100    Date: 1-29-98

---

NKA

su538

**State of Illinois** Pon
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant, Nelson    Reg. # K50623    Date: 12/29/97

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 15mg ī po QHS ⎤ x 5 wks
Cogentin 1mg ī po QHS ⎦

DEA/Illinois Lic. # _____ Physician (Print) A. Ronald ___ D. M.D.

*BEGIN USING FROM BOTTOM UP

NKDA

S538

**State of Illinois** Pontiac
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant, Nelson          Reg. # K50623          Date: 5-16-98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

— Tab Motrin 600mg 200 P.O. MWR x 7 day ~ given

— tab Amoxicillin 5ay 160 200 x 7 day

DEA/Illinois Lic. # _____          Physician (Print) _____ M.D.
☐ May Substitute _____                                   M.D.  1830
☐ May Not Substitute _____
DCA 7000          Noted by: _____          Date: 5/16/98
IL 426-1417

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant, Nelson          Reg. # K50623          Date: 5/9/98

Problem _____

ORDER: (Physician's Signature After Last Order) _____ given

Motrin 600mg  q 8° pm for pain x (21)

DEA/Illinois Lic. # _____          Physician (Print) _____ M.D.
☒ May Substitute _____                                   M.D.
☐ May Not Substitute _____
DCA 7000          Noted by: K Wetting RN 210          Date: 5/9/98
IL 426-1417

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Bryant Nelson          Reg. # K50623          Date: 4/1/98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Motrin 400 mg — p.o. Tid x (21)
                                                    given

*BEGIN USING FROM BOTTOM UP

NKA

S631

**State of Illinois** PoN
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson          Reg. # K50623     Date: 062898

Problem _____

12.H

ORDER: (Physician's Signature After Last Order) _____

given

Percogane 170 tab.   #1 24

DEA/Illinois Lic. # _____  Physician (Print) VADC

☐ May Substitute _____  M.D.
☐ May Not Substitute _____         M.D. 6-28-98
DCA 7000   Noted by: M. Stauffer    6H/ Date: 6-28-98
IL 426-1417

---

Pon CC                    NKA

S643
S631

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant Nelson          Reg. # K50623     Date: 6-21-98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Percogenic Tab. 7 Tab. VII)    #21 given

DEA/Illinois Lic. # _____  Physician (Print) _____ M.D.

☐ May Substitute _____
☐ May Not Substitute _____         M.D. 6-21-98
DCA 7000   Noted by: _____  Date: 6-21-98
IL 426-1417

---

NKDA                  S631

**State of Illinois** Pontiac
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson          Reg. # K50623     Date: 6-14-98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Percogenic Tab.
7 Tab. VII Dx one wk

DEA/Illinois Lic. # _____  Physician (Print) _____

*BEGIN USING FROM BOTTOM UP

for CC                    NKA                    54631

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_    Reg. # _K50623_    Date: _8/16/98_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Percogesic Tab.
       5 Tab. (1) #21

DEA/Illinois Lic. # _____    Physician (Print) _K. Oy_    M.D.
☐ May Substitute _____                                     M.D.
☐ May Not Substitute _____    _M R Milton_    Date: _8-16-98_
DCA 7000
IL 426-1417    Noted by: _____

---

NKDA                    5631

**State of Illinois**    _Pontiac_    **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_    Reg. # _K50623_    Date: _7/26/98_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Percogesic Tab, 5 Tab (1) #21

DEA/Illinois Lic. # _____    Physician (Print) _____    M.D.
☐ May Substitute _____                                     M.D.
☐ May Not Substitute _____    _Htanlein  201_    Date: _7/26/98_    2:00
DCA 7000
IL 426-1417    Noted by: _____

---

NKA                    S 631

**State of Illinois**    _PON_    **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_    Reg. # _K50623_    Date: _7-12-98_

Problem _____

ORDER: (Physician's Signature After Last Order) _____    given

Percogesic 5 tab TID

K. Oy  #21

DEA/Illinois Lic. # _____    Physician (Print) _____

*BEGIN USING FROM BOTTOM UP

NKA          Pon                    S 841

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             Chart Copy (Not a prescription)

Patient ___Bryant, Nelson___ Reg. # K50623  Date: 10/18/

Problem _____

ORDER: (Physician's Signature After Last Order) _____ given

_____Percoferic Tab G. _____

_____ 5 Tab, VID) # 21

DEA/Illinois Lic. # _____ Physician (Print) ____ M.D.
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ Date: 10/18/98
DCA 7000
IL 426-1417    Noted by: _____

---

Pm CC          NKA              5627

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             Chart Copy (Not a prescription)

Patient ___Bryant Nelson___ Reg. # K50623  Date: 9-21-98

Problem _____

ORDER: (Physician's Signature After Last Order) ___Percogesic Tal. 5 Tab, VID) #21

_____Corn patches #12

DEA/Illinois Lic. # _____ Physician (Print) ____ M.D
☐ May Substitute _____ M.D
☐ May Not Substitute _____ Date: 9-27-98
DCA 7000
IL 426-1417    Noted by: _____

---

NKIA               5627

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             Chart Copy (Not a prescription)

Patient ___Bryant, Nelson___ Reg. # K50623  Date: 9-6-98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____Percogesic Tab. 5 Tab. VID #21 given

DEA/Illinois Lic. # _____ Physician (Print) ____

*BEGIN USING FROM BOTTOM UP*

NKDA

S627

**State of Illinois** Pontiac
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson       Reg. # K50623    Date: 12-13-98

Problem _____

ORDER: (Physician's Signature After Last Order) _____

— Tas Motrin Hargans 200 PCARR x 7day

DEA/Illinois Lic. # _____    Physician (Print) _____  M.D.
☐ May Substitute _____
☐ May Not Substitute _____    Date: 12/13/98  1945
DCA 7000
IL 426-1417       Noted by: _____

NKA         PONTIAC         S627

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson       Reg. # K50623    Date: 11-27-98
                                                      850
Problem _____

ORDER: (Physician's Signature After Last Order) _____

Motrin 400 21 98 orders

DEA/Illinois Lic. # _____    Physician (Print) VADE
☐ May Substitute _____                         M.D.
☐ May Not Substitute _____                     M.D.
DCA 7000
IL 426-1417       Noted by: _____ Freed RN 10:30 Am  Date: 11/27/98

NKA         Pm         S627

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant Nelson       Reg. # K50623    Date: 11-11 98

Problem _____

ORDER: (Physician's Signature After Last Order) _____
— Tas Percogesic 1TAB 200x 7day PRN

*BEGIN USING FROM BOTTOM UP

NKA                          Pon                    S627

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _1/29/99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

① Pencobesic T.70 #21 — given #21

DEA/Illinois Lic. # _____ Physician (Print) _A F____

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ _S.STERN 11:00A_ Date: _1-27-99_ M.D.

DCA 7000
IL 426-1417           Noted by: _____

---

NKA                          Pon                    S 627

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _1-17-99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Percogeoc Tab 2 Tab. BID #21    21 given

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ _Jm Whiton_ Date: _1-17-99_

DCA 7000
IL 426-1417           Noted by: _____

---

NKDA                         S627

**State of Illinois** _Pontiac_    **PRESCRIPTION ORDER**
**Dept. of Corrections**           **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _12-21-98_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Motrin 400 mg BID   #21 — given

DEA/Illinois Lic. # _____ Physician (Print) _____

*BEGIN USING FROM BOTTOM UP

**State of Illinois** _NKA_ **PRESCRIPTION ORDER** _PON_ — S627
**Dept. of Corrections**                **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson L_  Reg. # _K50623_  Date: _2-10-99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_L S. 8y10 prir — 2 month_

_Waist Size 38"_

DEA/Illinois Lic. # _____  Physician (Print) _____

☐ May Substitute _____   M.D.

☐ May Not Substitute _____  M.D.

DCA 700D
IL 426-1417    Noted by: _____  Date: _2-10-99_

---

**State of Illinois** _NKA_ **PRESCRIPTION ORDER** _PON_  S-627
**Dept. of Corrections**                **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_  Reg. # _K50623_  Date _2-10-99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

DEA/Illinois Lic. # _____  Physician (Print) _____

☐ May Substitute _____   M.D.

☑ May Not Substitute _____  M.D.

DCA 700D
IL 426-1417    Noted by: _____  Date: _2-10-99_

---

**State of Illinois** _PON_ _NKA_ **PRESCRIPTION ORDER**  S627
**Dept. of Corrections**     **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_  Reg. # _K50623_  Date: _2-7-99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Motrin 400 mg PO_

DEA/Illinois Lic. # _____  Physician (Print) _____

**\*BEGIN USING FROM BOTTOM UP**

NKA

Pon ic

5627

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant Nelson_  Reg. # _K 50623_  Date: _032899_

Problem _____ 1905

ORDER: (Physician's Signature After Last Order) _____

_Naprosyn 500 a bid x 15 days_

DEA/Illinois Lic. # _____  Physician (Print) _VAIX_

☐ May Substitute _____  M.D.
☐ May Not Substitute _____  M.D.
DCA 7000
IL 426-1417    Noted by: _Mr. Wheelmik_    Date: _3-28-99_

---

NKA

5627

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _BRYANT NELSON_  Reg. # _K50623_  Date: _3/1/99_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

① _NAPROSYN 500 mg Po Bid x 4 2wks_

DEA/Illinois Lic. # _____  Physician (Print) _Agawa_

☐ May Substitute _____  M.D.
☐ May Not Substitute _____  M.D.
DCA 7000
IL 426-1417    Noted by: _Kaleen_    Date: _3/1/99_

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant Nelson_  Reg. # _K506 23_  Date _2/24/99_

Problem _____

ORDER: (Physician's Signature After Last Order) ____ given previous order

L. S. Smith _____ Mark

DEA/Illinois Lic. #

**BEGIN USING FROM BOTTOM UP**

PGN                    NKA                          5544

State of Illinois                    PRESCRIPTION ORDER
Dept. of Corrections                 Chart Copy (Not a prescription)

Patient Bryant Nolan          Reg. # K50623     Date: 12/5/9

Problem _____

ORDER: (Physician's Signature After Last Order) Motrin 600mg p.o 7 M
⊂ food PRN report

DEA/Illinois Lic. # _____    Physician (Print) A. NGuy
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000              Noted by: _____    Date: 12-5-99
IL 426-1417

---

                         NKA
State of Illinois     PON     PRESCRIPTION ORDER              5544
Dept. of Corrections           Chart Copy (Not a prescription)

Patient Bryant, Nelson        Reg. # K50623     Date: 9/17/98

Problem _____

ORDER: (Physician's Signature After Last Order)
Maalox  30cc pc & hs  X 1 month
D/C Motrin

DEA/Illinois Lic. # _____    Physician (Print) _____, m
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000              Noted by: _____    Date: 9/17/99
IL 426-1417

---

                         NKA              5828
State of Illinois     PON     PRESCRIPTION ORDER
Dept. of Corrections           Chart Copy (Not a prescription)

Patient Bryant, Nelson        Reg. # K50623     Date: 8/20/99

Problem _____

ORDER: (Physician's Signature After Last Order)
Motrin 800mg t.i.d pc prn pain #30 tabs

DEA/Illinois Lic. # _____    Physician (Print) _____

**BEGIN USING FROM BOTTOM UP**

NK2

sub48

**State of Illinois**
**Dept. of Corrections**  PON

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _8/21/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg 1 po QHS
Cogentin 1mg 1 po QHS      X 8 wks

DEA/Illinois Lic. # _____  Physician (Print) _A. Ransdras (M)_

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417       Noted by: _C.A. Durch CN_       Date: _8-21-00_

---

NK2

S↑544

**State of Illinois**
**Dept. of Corrections**  PON

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _7-23-2000_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Analgesic Balm X 1 tube

DEA/Illinois Lic. # _____  Physician (Print) _____

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417       Noted by: _____       Date: _7-23-2000_

---

S—
544

**State of Illinois**
**Dept. of Corrections**  NKA

**PRESCRIPTION ORDER**  PON
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _2/27/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Corticosporin otic soln # gtts affected ear TID

DEA/Illinois Lic. # _____  Physician (Print) _____

**BEGIN USING FROM BOTTOM UP**

NKA    PON                                                    54648

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**              **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _10/23/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

　　　Halbol 10mg + po QHs ⎫
　　　Cogentin 1mg + po QHs ⎬ x8-ws

DEA/Illinois Lic. # _____ Physician (Print) _A. Kowalkowski MD_
　☐ May Substitute _____ M.D.
　☐ May Not Substitute _C.A. Dunk cn_ M.D.
DCA 7000　　Noted by: _____ Date: _10-24-00_
IL 426-1417

PON  NKA                    PON                          54648

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**              **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _9/29/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

　　　Halbol 10mg i po QHs ⎫
　　　Cogentin 1mg i po QHs ⎬ x8-ws

DEA/Illinois Lic. # _____ Physician (Print) _A. Kowalkowski MD_
　☐ May Substitute _____ M.D.
　☐ May Not Substitute _Cumberland Cnt 2150_ M.D.
DCA 7000　　Noted by: _____ Date: _9/29/00_
IL 426-1417

　　　　　　　　　　　　　NKA

**State of Illinois**  PON  **PRESCRIPTION ORDER**  5C48
**Dept. of Corrections**    **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _9/9/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

　　　tetracin 750mg tid #2/ Cnrsd

DEA/Illinois Lic. # _____ Physician (Print) _____
　☐ May Substitute

*BEGIN USING FROM BOTTOM UP

PoN                          NKA                          SO 648

**State of Illinois**                 **PRESCRIPTION ORDER**
**Dept. of Corrections**         **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _1/25/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS
Cogentin 1mg ī po QHS  } X 8 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Rosaldo de M_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417          Noted by: _____ Date: _1/25/01_

---

**State of Illinois** NKA _Error pb_         _DO N TRA_
**Dept. of Corrections**        **PRESCRIPTION ORDER**          SU648
                                **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K5 0623_ Date: _12/26/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg  ī po QHS
Cogentin 1mg  ī po QHS  } X 8 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Rosaldo de M_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417     Noted by: _Bal cmt 12/26/00 2:00M_ Date: _____

---

PoN                          NKA                          SU648

**State of Illinois**                 **PRESCRIPTION ORDER**
**Dept. of Corrections**         **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _11/29/00_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg  ī po QHS
Cogentin 1mg  ī po QHS  } X 8 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Rosaldo de M_
☐ May Substitute

*BEGIN USING FROM BOTTOM UP

State of Illinois
Dept. of Corrections

PRESCRIPTION ORDER
Chart Copy (Not a prescription)

Sch 648

Patient  Bryant, Nelson          Reg. # K50623    Date: 4/25/01

Problem

ORDER: (Physician's Signature After Last Order)

Haldol 10mg i po QHS  > x 8 wks
Cogentin 1mg i po QHS

DEA/Illinois Lic. # _____  Physician (Print) H. Rondedkandes M.D.
☐ May Substitute _____                           M.D.
☐ May Not Substitute _____                        M.D.
DCA 7000
IL 426-1417       Noted by: A. Allen CMT  4/25/01  7:00pm  Date:

PsN                    NKA                        su648

State of Illinois
Dept. of Corrections

PRESCRIPTION ORDER
Chart Copy (Not a prescription)

Patient  Bryant, Nelson          Reg. # K50623    Date: 3/29/01

Problem

ORDER: (Physician's Signature After Last Order)

Haldol 10mg i po QHS  > x 8 wks
Cogentin 1mg i po QHS

DEA/Illinois Lic. # _____  Physician (Print) H. Rondedkandes M.D.
☐ May Substitute _____                           M.D.
☐ May Not Substitute _____                        M.D.
DCA 7000
IL 426-1417       Noted by: G. Ovesfilo Rx            Date: 3-29-01

State of Illinois
Dept. of Corrections

PRESCRIPTION ORDER
Chart Copy (Not a prescription)

Patient  Bryant, Nelson          Reg. # K50623    Date: 2/26/01

Problem

ORDER: (Physician's Signature After Last Order)

Haldol 10mg i po QHS  > x 8 wks
Cogentin 1mg i po QHS

DEA/Illinois Lic. # _____  Physician (Print) H. Rondedkandes M.D.

**BEGIN USING FROM BOTTOM UP**

PON                          NKA

SP648

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient __Bryant, Nelson__ Reg. # __K50623__ Date: __7/26/01__

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Halbol 10mg ī po QHS ) x 6 mos
Cogentin 1mg ī po QHS )

DEA/Illinois Lic. # _____ Physician (Print) __A. Rosalkondhi M__
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417        Noted by: __Purcell cmt__ Date: __7/26/01__

---

NKA                    PON          SP648

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient __Bryant, Nelson__ Reg. # __K50623__ Date: __6/25/01__

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Halbol 10mg ī po QHS ) x 6 mos
Cogentin 1mg ī po QHS )

DEA/Illinois Lic. # _____ Physician (Print) __A. Rosalkondhi M__
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417        Noted by: __C.A. Purcell__ Date: __6-25-01__

---

NKA                    PON          SP648

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient __Bryant, Nelson__ Reg. # __K50623__ Date: __5/21/01__

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Halbol 10mg ī po QHS ) x 6 mos
Cogentin 1mg ī po QHS )

DEA/Illinois Lic. # _____ Physician (Print) __A. Rosalkondhi M__

*BEGIN USING FROM BOTTOM UP

PoN                          NKA

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _11/9/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS
Cogentin 1mg ī po QHS  ) x8-es

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417        Noted by: _J Anfull RN_ Date: _11-12-01_

---

PoN                          NKA

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _10/4/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS
Cogentin 1mg ī po QHS  ) x8-es

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417        Noted by: _____ _C.A. Sanders_ Date: _10-5-01_

---

PoN.                         NKA.

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**                 Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _9/6/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS
Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____

**\*BEGIN USING FROM BOTTOM UP**

NKA

**State of Illinois**
**Dept. of Corrections** AMITIAC

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _2/22/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ɨ po QHS
Cogentin 1mg ɨ po QHS  } x 8mos

DEA/Illinois Lic. # _____ Physician (Print) _A. Roadlandi M_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000    IL 426-1417    Noted by: _D. PAYNN CNS_ Date: 02-23-02 1230AM

---

PON    NKA    SP

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _1/11/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ɨ po QHS
Cogentin 1mg ɨ po QHS  } x 8mos

DEA/Illinois Lic. # _____ Physician (Print) _A. Roadlandi M_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000    IL 426-1417    Noted by: _K Beecher RN_ 7Am Date: 1-12-02

---

PON    NKA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _12/13/01_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ɨ po QHS
Cogentin 1mg ɨ po QHS  } x 8mos

DEA/Illinois Lic. # _____ Physician (Print) _A. Roadlandi M_
☐ May Substitute _____ M.D.
                                                        M.D.

*BEGIN USING FROM BOTTOM UP

S

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ____ Reg. # _K50623_ ____ Date: _7/29/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ⊤ po QHS
Cogentin 1mg ⊤ po QHS      x 8-25

DEA/Illinois Lic. # _____     Physician (Print) _A. Rendleman, MD_ ____ M.D.

☐ May Substitute _____     M.D.
☐ May Not Substitute _____
Noted by: _Amast, RN_     Date: _7/29/02_

DCA 7000
IL 426-1417

PGt          NKA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ____ Reg. # _K50623_ ____ Date: _7/5/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ⊤ po QHS
Cogentin 1mg ⊤ po QHS      x 8-25

DEA/Illinois Lic. # _____     Physician (Print) _A. Rendleman, MD_ ____ M.D.

☐ May Substitute _____     M.D.
☐ May Not Substitute _____
Noted by: _____     Date: _7-5-02_

DCA 7000
IL 426-1417

NKA

**State of Illinois**
**Dept. of Corrections** _PONTIAC_

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ____ Reg. # _K50623_ ____ Date: _4/5/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ⊤ po QHS
Cogentin 1mg ⊤ po QHS      x 8-25

DEA/Illinois Lic. # _____     Physician (Print) _A. Rendleman, MD_ ____ M.D.

☐ May Substitute

**BEGIN USING FROM BOTTOM UP**

---

PON    NKA    Court Writ

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 11/21/02

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS ⟩ x 8 wks
Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____    Physician (Print) A. Roolbard M.D.

☐ May Substitute _____    M.D.
☐ May Not Substitute _____    M.D.
Noted by: B Pattman LPN    Date: 11-21-02

DCA 7000
IL 426-1417

---

PON    NKA    Court Writ

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 10/18/02

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS ⟩ x 8 wks
Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____    Physician (Print) A. Roolbard M.D.

☐ May Substitute _____    M.D.
☐ May Not Substitute _____    M.D.
Noted by: B Pattman LPN    Date: 10-18-02

DCA 7000
IL 426-1417

---

PON    NKA    Court Writ

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 9/18/02

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg ī po QHS ⟩ x 8 wks
Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____    Physician (Print) A. Roolbard M.D.

☐ May Substitute

*BEGIN USING FROM BOTTOM UP

NKA

**State of Illinois**
**Dept. of Corrections** PONTIAC

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson          Reg. # K50623          Date: 3/5/03

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg + po QHS ) X 8 wks
Cogentin 1mg + po QHS )

DEA/Illinois Lic. # _____          Physician (Print) A. Kowalkowski M
☐ May Substitute _____          M.D.
☐ May Not Substitute _____          M.D.
DCA 7000
IL 426-1417          Noted by: _____  A. Ursiem LS  Date: 3/6/03  1225A

---

PON          NKA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson          Reg. # K50623          Date: 2/6/03

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg + po QHS ) X 8 wks
Cogentin 1mg + po QHS )

DEA/Illinois Lic. # _____          Physician (Print) A. Kowalkowski M
☐ May Substitute _____          M.D.
☐ May Not Substitute _____          M.D.
DCA 7000
IL 426-1417          Noted by: _____  B O Patteem LPN  Date: 2-6-03

---

PON          NKA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient Bryant, Nelson          Reg. # K50623          Date: 1/4/03

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Haldol 10mg + po QHS ) X 8 wks
Cogentin 1mg + po QHS )

DEA/Illinois Lic. # _____          Physician (Print) A. Kowalkowski M
☐ May Substitute          M.D.

*BEGIN USING FROM BOTTOM UP.

POW                    NKA                          WRIT

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**            **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _6/18/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Haldol, Cogentin_

_Cogentin 1mg T po QHS_ ⎤
_Haldol 10mg T po QHS_ ⎦ x 5 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Kowalkowski N_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417          Noted by: _____ Date: _____

---

POW                    NKA                          WRIT

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**            **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _5/8/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Haldol, Cogentin_

_Haldol 10mg T po QHS_ ⎤
_Cogentin 1mg T po QHS_ ⎦ x 8 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Kowalkowski_
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417          Noted by: _RO Pathem LPN_ Date: _5-8-03_

---

POW                    NKA                          WRIT

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**            **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ Reg. # _1250623_ Date: _4/10/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Haldol 10mg T po QHS_ ⎤
_Cogentin 1mg T po QHS_ ⎦ x 8 wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Kowalkowski_
☐ May Substitute _____ M.D.

**BEGIN USING FROM BOTTOM UP**

---

NKN

PON

**State of Illinois**                    **PRESCRIPTION ORDER**                    -court
**Dept. of Corrections**               **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _9/22/03_

Problem _____

ORDER: (Physician's Signature After Last Order) ___ D/c Haldol, Cogentin

     Haldol 10mg ī po QHS   } × 5 wks
     Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____ Physician (Print) _A. Rondolbouth (N)_ ___ M.D.
☐ May Substitute _____
☐ May Not Substitute _____ ___ Date: _9-22-03_
DCA 7000    Noted by: _____ ___
IL 426-1417

---

PON                    NKA                    7court

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**               **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _8/18/03_

Problem _____

ORDER: (Physician's Signature After Last Order) ___ D/c Haldol, Cogentin

     Haldol 10mg ī po QHS   } × 5 wks
     Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____ Physician (Print) _A. Rondolbouth (N)_ ___ M.D.
☐ May Substitute _____
☐ May Not Substitute _____ ___ Date: _8-18-03_
DCA 7000    Noted by: _KBelcher RN_ ___ M.D.
IL 426-1417

---

PON                    NKA

**State of Illinois**                    **PRESCRIPTION ORDER**
**Dept. of Corrections**               **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ ___ Reg. # _K50623_ ___ Date: _7/14/03_

Problem _____

ORDER: (Physician's Signature After Last Order) ___ D/c Haldol, Cogentin

     Haldol 10mg ī po QHS   } × 5 wks
     Cogentin 1mg ī po QHS

DEA/Illinois Lic. # _____ Physician (Print) _A. Rondolbouth (N)_
☐ May Substitute _____ ___ M.D.

**BEGIN USING FROM BOTTOM UP**

Court writ

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ _____ Reg. # _K50623_ _____ Date: _12/23/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Halbol, Cogentin_

Halbol 10mg ī po QHS
Cogentin 1mg ī po QHS } x 500es

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldson_ M.D.

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ _P McKinsep_ Date: _12-23-03_

DCA 7000
IL 426-1417        Noted by: _____

---

PoN                    NKA                    Court writ

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ _____ Reg. # _K50623_ _____ Date: _11/23/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Halbol, Cogentin_

Halbol 10mg ī po QHS
Cogentin 1mg ī po QHS } x 500es

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldson_ M.D.

☐ May Substitute _____ M.D.

☐ May Not Substitute _____

DCA 7000
IL 426-1417        Noted by: _____ Date: _11-27-03_

---

PoN                    NKA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_ _____ Reg. # _K50623_ _____ Date: _10/26/03_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Halbol, Cogentin_

Halbol 10mg ī po QHS
Cogentin 1mg ī po QHS } x 500es

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldson_

☐ May Substitute                                                M.D.

**BEGIN USING FROM BOTTOM UP**

NKDA          Pon          Courts

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _3/15/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Haldol, Cogentin_

Haldol 10mg ꝯ po QHS  ⎫
Cogentin 1mg ꝯ po QHS  ⎬ × 5wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldstein (?)_ M.D.

☐ May Substitute _____ M.D.
☐ May Not Substitute _O McKinsley_ Date: _3-15-04_

DCA 7000
IL 426-1417          Noted by: _____

---

Pon          NKDA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _2/23/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Haldol, Cogentin_

Haldol 10mg ꝯ po QHS  ⎫
Cogentin 1mg ꝯ po QHS  ⎬ × 5wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldstein (?)_ M.D.

☐ May Substitute _____ M.D.
☐ May Not Substitute _O McKinsley_ Date: _2-23-04_

DCA 7000
IL 426-1417          Noted by: _____

---

Pon          NKDA

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _1/27/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c Haldol, Cogentin_

Haldol 10mg ꝯ po QHS  ⎫
Cogentin 1mg ꝯ po QHS  ⎬ × 5wks

DEA/Illinois Lic. # _____ Physician (Print) _A. Ronaldstein (?)_ M.D.

☐ May Substitute

**\*BEGIN USING FROM BOTTOM UP**

court writ    Do Not Send

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 6/22/04

Problem _____

ORDER: (Physician's Signature After Last Order) __ D/C Haldol, Cogentin

Haldol 10mg + po QHS
Cogentin 1mg + po QHS    } x 5 wks

DEA/Illinois Lic. # _____    Physician (Print) __ A. Rowlberd (?)    M.D.
☐ May Substitute _____    M.D.
☐ May Not Substitute _____    O. McElroy    Date: 6/22/04
DCA 7000    Noted by: _____
IL 426-1417

---

County Writ  Pon    DO Not Send

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 5/17/04

Problem _____

ORDER: (Physician's Signature After Last Order) __ D/C Haldol, Cogentin

Haldol 10mg + po QHS
Cogentin 1mg + po QHS    } x 5 wks

DEA/Illinois Lic. # _____    Physician (Print) __ A. Rowlberd (?)    M.D.
☐ May Substitute _____    M.D.
☐ May Not Substitute _____    K. Zghe / YM    Date: 5-14-04
DCA 7000    Noted by: _____
IL 426-1417

---

NKA    Pon

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient: Bryant, Nelson    Reg. #: K50623    Date: 4/25/04

Problem _____

ORDER: (Physician's Signature After Last Order) __ D/C Haldol, Cogentin

Haldol 10mg + po QHS
Cogentin 1mg + po QHS    } x 5 wks

DEA/Illinois Lic. # _____    Physician (Print) __ A. Rowlberd (?)    M.D.
☐ May Substitute

**\*BEGIN USING FROM BOTTOM UP**

PON                    NKA                    Court

**State of Illinois**  
**Dept. of Corrections**

**PRESCRIPTION ORDER**  
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_  Reg. # _K50623_  Date: _10/27/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _Dc Haldol, Cogentin_

Haldol 10mg ꚍ po QHS > x bus  
Cogentin 1mg ꚍ po QHS

DEA/Illinois Lic. # _____  Physician (Print) _A. Dawallas D. N_

☐ May Substitute _____  M.D.  
☐ May Not Substitute _____  M.D.  
DCA 7000  
IL 426-1417   Noted by: _PBartlett_  Date: _10/27/04_

PON                    NKA                    Court

**State of Illinois**  
**Dept. of Corrections**

**PRESCRIPTION ORDER**  
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_  Reg. # _K50623_  Date: _9/28/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _Dc Haldol, Cogentin_

Haldol 10mg ꚍ po QHS > x bus  
Cogentin 1mg ꚍ po QHS

DEA/Illinois Lic. # _____  Physician (Print) _A. Dawallas D. N_

☐ May Substitute _____  M.D.  
☐ May Not Substitute _____  M.D.  
DCA 7000  
IL 426-1417   Noted by: _____  Date: _9-28-04_

PON                    NKA

**State of Illinois**  
**Dept. of Corrections**

**PRESCRIPTION ORDER**  
**Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_  Reg. # _K50623_  Date: _7/28/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _Dc Haldol, Cogentin_

Haldol 10mg ꚍ po QHS > x bus  
Cogentin 1mg ꚍ po QHS

DEA/Illinois Lic. # _____  Physician (Print) _A. Dawallas D. N_

M.D.

*BEGIN USING FROM BOTTOM UP

Don            NKA                              SP342

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**              Chart Copy (Not a prescription)

Patient _Bryant, Nelson_____ Reg. # _K 50623_____ Date: _2/9/05_

Problem _____

ORDER: (Physician's Signature After Last Order) _Dr. _____ needs.
_____ Prozac 60 mg PO 9am x 8 wks_
_____ Risperdal 2 mg PO 7pm x 8 wks_

DEA/Illinois Lic. # _____ Physician (Print) _____ M.D.
☐ May Substitute _____ _P McKinsey_ M.D.
☐ May Not Substitute _____ Date: _2-9-05_
DCA-7000
IL 426-1417        Noted by: _____

---

PON            NKA                              SP342

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**              Chart Copy (Not a prescription)

Patient _Bryant, Nelson_____ Reg. # _K50623_____ Date: _1/11/05_

Problem _____

ORDER: (Physician's Signature After Last Order) _____
_____ Fluoxetine 40mg 1 po QAM_
_____ Risperdal 2mg 1 po QHS_ ⟩ x 6 mos

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417        Noted by: _____ Date: _1/11/05_

---

NKA            Pon                    Count

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**              Chart Copy (Not a prescription)

Patient _Bryant, Nelson_____ Reg. # _K50623_____ Date: _11/30/04_

Problem _____

ORDER: (Physician's Signature After Last Order) _Dlc Haldol, Cogentin_
_____ Haldol 10mg 1 po QHS_ ⟩ x 6 mos
_____ Cogentin 1mg 1 po QHS_

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.

*BEGIN USING FROM BOTTOM UP

State of Illinois            PON        PRESCRIPTION ORDER          NKOO
Dept. of Corrections                   Chart Copy (Not a prescription)                    5 342

Patient _Bryant Nelson_____ Reg. # _K50623_____ Date: _5 5 05_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____ Tylenol 325,    # 24    Ħ AM _____

DEA/Illinois Lic. # _____ Physician (Print) _____
         ☐ May Substitute                                              M.D.
         ☐ May Not Substitute _____         M.D.
DCA 7000           Noted by: _____ Date: 5 5 05
IL 426-1417

                    NKA            PON            SP342

State of Illinois                    PRESCRIPTION ORDER
Dept. of Corrections                 Chart Copy (Not a prescription)

Patient _Bryant, Nelson_____ Reg. # _K90623___ Date: _4/28/05_

Problem _____

ORDER: (Physician's Signature After Last Order) DC Prozac, Risperdal
Fluoxetine 40 g @ AM                        X 8 weeks
Risperdal 2 mg QHS

DEA/Illinois Lic. # _____ Physician (Print) _Fischer_
         ☐ May Substitute                                              M.D.
         ☐ May Not Substitute _____ Date: 4/25/05   M.D.
DCA 7000           Noted by: _____
IL 426-1417

                    NKA            PON            SP342

State of Illinois                    PRESCRIPTION ORDER
Dept. of Corrections                 Chart Copy (Not a prescription)

Patient _Bryant Nelson_____ Reg. # _K50623___ Date: _3/28/05_

Problem _____

ORDER: (Physician's Signature After Last Order) _Continue Prozac 40mg PO qam_
_+ Risperdal 2mg PO HS.    X 8 weeks_

DEA/Illinois Lic. # _____ Physician (Print) _____
         ☐ May Substitute                                              M.D.

**BEGIN USING FROM BOTTOM UP**

NKDA          PoN          S342

**State of Illinois**
**Dept. of Corrections**          PRESCRIPTION ORDER          DC 10-3/05
          Chart Copy (Not a prescription)

Patient _Bryant, Nelson_          Reg. # _K50623_          Date: _6-14-05_

Problem _____

ORDER: (Physician's Signature After Last Order) _____ DC Previous $

Risperdal 2mg po q HS

Prozac 40 mg po q AM

DEA/Illinois Lic. # _____          Physician (Print) _C. Fletcher MD_
          ☐ May Substitute _____          M.D.
          ☐ May Not Substitute _____          M.D.
DCA 7000          Noted by: _____          Date: _6-14-05_
IL 426-1417

---

NKDA          S
          342

**State of Illinois**          Pontiac          PRESCRIPTION ORDER
**Dept. of Corrections**          Chart Copy (Not a prescription)

Patient _Bryant Nelson_          Reg. # _K50623_          Date: _5/1/05_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Motrin 800 mg p.o. TID PRN cfw #30 refill X 2

DEA/Illinois Lic. # _____          Physician (Print) _____
          ☐ May Substitute _____          M.D.
          ☐ May Not Substitute _____          M.D.
DCA 7000          Noted by: _D. Bror  al_          Date: _06/05/05_
IL 426-1417

---

Pont.          NKA          S842

**State of Illinois**          PRESCRIPTION ORDER
**Dept. of Corrections**          Chart Copy (Not a prescription)

Patient _Bryant Nelson_          Reg. # _K50623_          Date: _5-19-05_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Tylenol 325, #24

DEA/Illinois Lic. # _____          Physician (Print) _____
          ☐ May Substitute          M.D.

*BEGIN USING FROM BOTTOM UP

PON
NKDA
**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**
5-342

Patient _Bryant, Nelson_   Reg. # _K50623_   Date: _12 29 0_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Motrin 400 #21 T DOO PA

DEA/Illinois Lic. # _____   Physician (Print) _____
☐ May Substitute _____   M.D.
☐ May Not Substitute _____   Date: _12-27-05_
DCA 7000
IL 426-1417   Noted by: _____

PON                SP342

NKDA
**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**
DC 3-1-06

Patient _Bryant, Nelson_   Reg. # _K50 023_ Date: _10-18-07_

Problem _Psych_

ORDER: (Physician's Signature After Last Order) _____
Con't rule
Proyde 40 mg po g AM
Risperdal 2 mg po g HS          C. Fletcher MD

DEA/Illinois Lic. # _____   Physician (Print) _____
☐ May Substitute _____   M.D.
☐ May Not Substitute _____   M.D.
DCA 7000
IL 426-1417   Noted by: _1 mo_   Date: _10-18-08_

NKDA                PON

**State of Illinois**
**Dept. of Corrections**
**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**
DC 12-31-05

Patient _Bryant, Nelson_   Reg. # _K50623_ Date: _8-31-05_

Problem _Psych_

ORDER: (Physician's Signature After Last Order) _____
Con't Proyde 40 mg PO g AM
Risperdal 2 mg po g HS

DEA/Illinois Lic. # _____   Physician (Print) _C. Fletcher MD_
☐ May Substitute _____   M.D.

**\*BEGIN USING FROM BOTTOM UP**

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

SP 342

Patient _Bryant, Nelson_ _____ Reg. # _K 50623_ _____ Date: _1-22-06_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Bactram onf/gl Bid to UE tom tile_
_x 7d_

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417    Noted by: _____ Date: _1-22-06_

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant Nelson_ _____ Reg. # _K 50623_ ____ Date: _1/1/06_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Tylenol 325mg II po q6 PRN 2dy_

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417    Noted by: _____ Date: _1-11-06_

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Bryant Nelson_ _____ Reg. # _K 50623_ ____ Date: _1/11/06_

Problem _____

ORDER: (Physician's Signature After Last Order) _Bactrim DS 1 Bid 10 days_
_sr turn dim um for dmg chg_
_D T 0.5% CM_

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____ M.D.

**BEGIN USING FROM BOTTOM UP**

NKA                          Pon                          SP
                                                          342

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             Chart Copy (Not a prescription)

Patient _Bryant Nelson_ Reg. # _K 50623_ Date: _5-2-06_

Problem _Bridge order_

ORDER: (Physician's Signature After Last Order)
_Prozac 40 mg Q AM > 3 wks_
_Risperdal 2mg Q HS >_

DEA/Illinois Lic. # _____          Physician (Print) _VADE_
☐ May Substitute _____                        M.D.
☐ May Not Substitute _____                    M.D.
DCA 7000          Noted by: _____      Date: _5-2-06_
IL 426-1417

---

NKA                  PON                  SPC
                                         BAN

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _4-11-06_   4.18.06

Problem _____

ORDER: (Physician's Signature After Last Order)
_Prozac 40 mg Q AM. > x 3 wks_
_Risperdal 2mg Q HS >_

DEA/Illinois Lic. # _____          Physician (Print) _VADE_
☐ May Substitute _____                        M.D.
☐ May Not Substitute _____                    M.D.
DCA 7000          Noted by: _J Finch RN_      Date: _4/18/06_
IL 426-1417

---

NKA                          SPC 342

**State of Illinois**   _Prozac_  **PRESCRIPTION ORDER**
**Dept. of Corrections**         Chart Copy (Not a prescription)

Patient _Bryant, Nelson_ Reg. # _K50623_ Date: _2-19-06_

Problem _____

ORDER: (Physician's Signature After Last Order)
_Prozac 40 mg q am > x 8 weeks_
_Risperdal 2 mg q hs >_

DEA/Illinois Lic. # _____          Physician (Print)
☐ May Substitute                                    M.D.

**BEGIN USING FROM BOTTOM UP**

---

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

State of Illinois
Dept. of Corrections

Reg. # _____    Date: _____

Patient _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Physician (Print) _____ M.D.

DEA/Illinois Lic. # _____    M.D.

☐ May Substitute    Date: _____
☐ May Not Substitute

Noted by: _____

DCA 000
II 421 1417

---

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

State of Illinois
Dept. of Corrections

Reg. # _____    Date: _____

Patient _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Physician (Print) _____ M.D.

DEA/Illinois Lic. # _____    M.D.

☐ May Substitute    Date: _____
☐ May Not Substitute

Noted by: _____

LCA 1000
II 4K 1417

---

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

5-342

State of Illinois
Dept. of Corrections

Patient  Bryant   nelson    Reg. # K50623    Date: 5/18/06

Problem _____

ORDER: (Physician's Signature After Last Order) _____ previous orders for prozac

Good noquest 3mg po QHS for 12 weeks

Prozac 40mg po QD x5

Physician (Print) _____ M.D.

DEA/Illinois Lic. # _____    M.D.

☐ May Substitute    Date: 5-19-06
☐ May Not Substitute

Noted by: J Ellingen MD 8A

**\*BEGIN USING FROM BOTTOM UP**

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ M.D.

DCA-000
IL 42I-141/               Noted by: _____ Date: _____

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _____ Reg. # _____ Date: _____

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_____

_____

_____

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____ M.D.

☐ May Not Substitute _____ M.D.

DCA-7000
IL 42I-141/               Noted by: _____ Date: _____

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient _Bryant Nelson_ Reg. # _K50623_ Date: _5/18/06_

Problem _____

ORDER: (Physician's Signature After Last Order) _D/c previous orders for Prozac_
_and risperdal_
_Risperdal 2mg pm QHS for 12_
_Prozac 40mg pm QD weeks_

DEA/Illinois Lic. # _____ Physician (Print) _OCJ_

☐ May Substitute _____ M.D.

**BEGIN USING FROM BOTTOM UP**

NKA                                                    SP 342

**State of Illinois** Pontiac         **PRESCRIPTION ORDER**
**Dept. of Corrections**              Chart Copy (Not a prescription)

Patient Bryant, Nelson ___ Reg. # K50623 ___ Date: 9/14/06

Problem _____

ORDER: (Physician's Signature After Last Order) _____

↑ Mevacor 40mg PO bhs X 5 minds

DEA/Illinois Lic. # _____ Physician (Print) L ZHANG
☑ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 428-1417         Noted by: D. Brown Cz ___ Date: 09/14/06

---

NKA                    Pon

**State of Illinois**              **PRESCRIPTION ORDER**        S 342
**Dept. of Corrections**           Chart Copy (Not a prescription)

Patient Bryant, Nelson ___ Reg. # K50623 ___ Date: 8/29/06

Problem _____

ORDER: (Physician's Signature After Last Order) _____

Mevacor 10mg PO QHS X 5 md

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 428-1417         Noted by: _____ Date: 8/29/06

---

NKA           PON                    SP 342

**State of Illinois**              **PRESCRIPTION ORDER**
**Dept. of Corrections**           Chart Copy (Not a prescription)

Patient Bryant, Nelson ___ Reg. # K50623 ___ Date: 8-1-06

Problem _____

ORDER: (Physician's Signature After Last Order) DC Prozac, Risperdal
Prozac 40 QAM
Risperdal 2 QHS > until 8-1-07

DEA/Illinois Lic. # _____ Physician (Print) F Gofer
☐ May Substitute                                        M.D.

*BEGIN USING FROM BOTTOM UP

NKA                                                    S334

**State of Illinois**              **PRESCRIPTION ORDER**
**Dept. of Corrections**     (Ron)   **Chart Copy (Not a prescription)**

Patient: Bryant Nelson     Reg. #: K50623     Date: 3-23-07

Problem:

ORDER: (Physician's Signature After Last Order)
Doxycycline 100mg ⁻ po bid #20          given
                    ⁻ po bid fila #12
Tylenol 325mg ⁻ po q 4-6° fila #24

DEA/Illinois Lic. # _____     Physician (Print) _____
☐ May Substitute                                        M.D.
☐ May Not Substitute                               Date: 3/23/07
DCA 7000          Noted by: J Fuller RN
IL 426-1417

---

NKA                  Pontiac CC

**State of Illinois**              **PRESCRIPTION ORDER**
**Dept. of Corrections**          **Chart Copy (Not a prescription)**

Patient: Bryant, Nelson     Reg. #: KS0623     Date: 1-24-07

Problem: D/C prozac, Risperdal

ORDER: (Physician's Signature After Last Order)
Prozac 40mg Q Am  ) 6mo
Risperdal 2mg QHS ) 6mo

DEA/Illinois Lic. # _____     Physician (Print) _____ (Camellen)
☒ May Substitute                                        M.D.
☐ May Not Substitute                               Date: 1-24-07
DCA 7000          Noted by: _____
IL 426-1417

---

NKA           RN           S342

**State of Illinois**              **PRESCRIPTION ORDER**
**Dept. of Corrections**          **Chart Copy (Not a prescription)**

Patient: Bryant, Nelson     Reg. #: K50623     Date: 12/13/06

Problem:

ORDER: (Physician's Signature After Last Order)
Mevacor 40mg PO QHS X 5 mo

DEA/Illinois Lic. # _____     Physician (Print)

**BEGIN USING FROM BOTTOM UP**

NKA                    Pon                    S 334

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_    Reg. # _K50623_    Date: _7/26/07_

Problem _____

ORDER: (Physician's Signature After Last Order)
_Risperdal 2mg PO q HS_ ) x _4 wks_
_Prozac 40 mg PO q Am_

DEA/Illinois Lic. # _____    Physician (Print) _V.ADC_
☐ May Substitute _____                          M.D.
☐ May Not Substitute _____                          M.D.
DCA 7000          Noted by: _K Egli Nmm_    Date: _7/26/07_
IL 426-1417

Pont.                  NKA                    S 334

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_    Reg. # _K50623_    Date: _5/1/07_

Problem _____

ORDER: (Physician's Signature After Last Order)
_Robaxin 750mg po Bid #2_

DEA/Illinois Lic. # _____    Physician (Print) _L ZHANG_
☐ May Substitute _____                          M.D.
☐ May Not Substitute _____                          M.D.
DCA 7000          Noted by: _____    Date: _5/1/07_
IL 426-1417

Pontiac                NKA                    SPC 334

**State of Illinois**                **PRESCRIPTION ORDER**
**Dept. of Corrections**             **Chart Copy (Not a prescription)**

Patient _Bryant Nelson_    Reg. # _K50623_    Date: _4/12/07_

Problem _____

ORDER: (Physician's Signature After Last Order)
_Mevacor 40mg PO Qd X 5 month_

DEA/Illinois Lic. # _____    Physician (Print) _ZHANG_
☐ May Substitute                                               M.D.

*BEGIN USING FROM BOTTOM UP

NKA                                                          SPC
                                                            334

**State of Illinois**          PONTIAC    **PRESCRIPTION ORDER**
**Dept. of Corrections**                  **Chart Copy (Not a prescription)**

Patient _Bryant_____  Reg. # _K53623___  Date: _9-13-07_

Problem _____

ORDER: (Physician's Signature After Last Order)
_____Analgesic balm apply bid 8 2 wks_____
_____Motrin 600mg + po tid prn #21_____

DEA/Illinois Lic. # _____  Physician (Print) _____
☐ May Substitute _____  _____ M.D.
☐ May Not Substitute _____  _____ M.D.
DCA 7000
IL 426-1417        Noted by: _____  D. Pasura   Date: 9-13-07  950A

---

NKA                          Pont                          SPC
                                                          334

**State of Illinois**         **PRESCRIPTION ORDER**
**Dept. of Corrections**      **Chart Copy (Not a prescription)**

Patient _Bryant_____  Reg. # _K50623___  Date: _8/27/07_

Problem _____

ORDER: (Physician's Signature After Last Order) _____
_____Mevacor 40mg + po dly_____

DEA/Illinois Lic. # _____  Physician (Print) _____
☐ May Substitute _____  _____ M.D.
☐ May Not Substitute _____  _____ M.D.
DCA 7000
IL 426-1417        Noted by: _____  Q. anaopra   Date: 8/27/07

---

                             Pon             SPC 334

**State of Illinois**  NKA   **PRESCRIPTION ORDER**
**Dept. of Corrections**     **Chart Copy (Not a prescription)**

Patient _Bryant, Nelson_____  Reg. # _K50623___  Date: _8-1-07_

Problem _____
ORDER: (Physician's Signature After Last Order) _Dc Risperdal Prozac_
_____Risperdal 2g QHS     ⎤ until 2-1-08_
_____Prozac 40g @ AM     ⎦_____

DEA/Illinois Lic. # _____  Physician (Print) _____