# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0817 | **DATE** | 2/20/2008 |
| **CASE TITLE** | Nelson Bryant (#K50623) v. McBride | | |

**DOCKET ENTRY TEXT:**

    Plaintiff's motion for leave to file in forma pauperis is granted. (R. 3-1.) The Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, terminating this case. The Court denies Plaintiff's other pending motions as moot. (R. 4-1, 5-1.) The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at the Pontiac Correctional Center. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The clerk shall send Plaintiff a copy of docket entry #8, dismissal minute order, in 01 C 2117, entered May 31, 2001, along with this order.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    The Court finds that Plaintiff, Nelson McBride, a prisoner confined at Pontiac Correctional Center, is unable to prepay the filing fee. The Court thus grants Plaintiff's motion to proceed in forma pauperis and assesses an initial partial filing fee of $9.35 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., 20th floor, Chicago, IL 60604, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    Under 28 U.S.C. § 1915A, the Court is directed to dismiss a suit brought if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *Marshall v. Knight,* 445 F.3d 965, 968-69 (7th Cir. 2006).

| | Courtroom Deputy Initials: | STE |
|---|---|---|

**STATEMENT**

In his Complaint, Plaintiff sues one person, his criminal defense attorney Julie McBride, who represented him in the Cook County Circuit Court in 1996. In his Complaint, Plaintiff alleges "neglect of trial counsel." Plaintiff brought a similar lawsuit against Ms. McBride before, namely *Bryant v. McBride*, 01 C 2117, which Judge Manning dismissed as frivolous on May 31, 2001. Now that Plaintiff has completed his state criminal appeal, he has brought the current civil rights lawsuit pursuant to 42 U.S.C. § 1983 based on Ms. McBride's 1998 disbarment. Plaintiff attaches to his Complaint what he purports to be a copy of the ruling by the ARDC against Ms. McBride, which sets forth the reasons for her 1998 disbarment, none of which refer to Plaintiff. Instead, they refer to McBride's failure to disclose that she had pleaded guilty to a theft in Iowa and that she falsely provided information about that proceeding, among other reasons.

The only matter Plaintiff raises in the present Complaint regarding his allegation that McBride was not competent relates to her failure to file a state Rule 604(d) certificate of compliance along with a motion to reconsider his sentence. Plaintiff alleges, however, that when he made this allegation in state court, he was allowed to correct this. Furthermore, the state appellate court allowed Plaintiff to file another motion to reconsider his sentence, which he did. While this Court empathizes with Plaintiff's plight having hired a criminal defense attorney who later was disbarred, the Court cannot provide any relief for him. Plaintiff was warned in the prior lawsuit in front of Judge Manning that the only court that could hear his malpractice claim was state court. He now alleges that he subsequently brought a state malpractice claim, but lost. The federal courts do not serve as an appellate court to the state court dismissal of his malpractice claim.

Because Judge Manning already provided Plaintiff with a complete ruling on all matters related to his lawsuit against Ms. McBride – and nothing he alleges in the current case changes that ruling – he cannot now bring the same lawsuit again. The Court attaches and incorporates herein, the order dated May 31, 2001, in case 01 C 2117. For the reasons stated in the May 31, 2001, minute order, together with the additional reasons stated in this order, the Court dismisses this case in its entirety because Plaintiff's Complaint fails to state a claim. 28 U.S.C. § 191A(b)(1). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. See Fed.R.App.P. 4(a)(1). If he does so, he will be liable for the $455 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *See Evans v. Illinois Dept. of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).